Harbert *versus* Gormley.

115  237
125  351

115     237
23 SC  610

1. An action cannot be brought on the bond, required by the Act of March 17th, 1869, P. L., 8, before an attachment can issue, until the final determination of the action commenced by said attachment. The condition of the bond, " if the plaintiff shall fail to prosecute the *action* commenced

by said attachment with effect" cannot be construed to mean if he shall fail to prosecute the *attachment.*

2. "Action" and "attachment" are not synonymous in said Act.

January 19th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of January Term, 1887, No. 446.

*Scire facias sur* bond required by the Act of March 17th, 1869, before an attachment can issue brought by Samuel C. Harbert against Smith Gormley and James C. Reed. Reed was not served. The defendants pleaded *inter alia :*

And, as a further plea in this behalf, the said defendant avers that the said attachment was dissolved by the said court on March 6th, 1885, and on March 16th, 1885 (March 2d, 1885, being the return day of said attachment), the said Harbert issued a *scire facias* upon the said obligation before the said Reed had had an opportunity to proceed to judgment under the affidavit of defence filed, or by trial by jury as entitled by law ; and the said defendant avers that he has not had an opportunity to proceed to judgment, but is proceeding therein in due course of law, and this he is ready to verify.

The facts sufficiently appear in the opinion of the Supreme Court. After the plaintiff had closed his case, the court directed a compulsory nonsuit to be entered. This the court on motion refused to take off. Judgment was accordingly entered, whereupon the plaintiff took this writ and assigned for error the action of the court in refusing to take off the nonsuit.

*Joseph M. Pile*, for plaintiff in error.—It is submitted that the condition of the bond is broken when either one of two contingencies arise.

1. It is broken when the plaintiff fails to sustain his attachment, i. e., when it is dissolved by the court.

2. It is broken when the plaintiff fails to obtain a judgment for his debt.

The material question in this case is involved in the first proposition, and it is believed that this question is now for the first time presented for the consideration of the court. See Gunnis *v.* Cluff, 1 Amerman, 512.

*Francis Shunk Brown*, for defendant in error.—The learned counsel for plaintiff in error argues that the condition of the bond is broken.

1. When the attachment is dissolved by the court.

[Harbert v. Gormley.]

2. When the plaintiff fails to obtain a judgment for his debt.

He thus reads two conditions in the bond when there is plainly but one.

" Fails to prosecute his action with effect" is inseparably connected with, " and recover a judgment, etc."

How can the plaintiff "fail to prosecute his action with effect" except by failing "to recover a judgment against the defendant"?

He may fail to prosecute his attachment with effect before failing to recover a judgment; but the bond provides that he must fail to prosecute his action and recover a judgment before he shall be liable, and that "action" and "attachment" are not used synonymously in this Act is too plain for argument. The "attachment" is but part of the "action"—the commencement of it—and when that is dissolved the "action" goes on : Boyersdorfer v. Hart, 7 W. N. C., 487; Biddle v. Black, 99 Pa. St., 381; Sharpless v. Ziegler, 8 W. N. C., 190.

Mr. Justice PAXSON delivered the opinion of the court January 24th, 1887.

This was an attachment under the Act of 1869. The affidavit was filed and writ issued February 11, 1885. On February 14, a rule was granted to dissolve the attachment, which was made absolute on March 6th, 1885, The defendant in the attachment issued a *scire facias* upon the bond on March 16th, 1885, and before the final determination of the action. The court below entered a nonsuit upon the ground that the suit was commenced prematurely. This writ of error was brought to test the correctness of that ruling.

The precise point has not been decided by this court. In Gunnis v. Cluff, 111 Pa. St., the attachment was dissolved, and the cause proceeded to final judgment as in the case of a summons. Upon the trial below, the defendant attempted to set off the damages he sustained by reason of the attachment. The court held that he could not do this, and when the case was brought here upon a writ of error we sustained its ruling. That case was decided upon the single ground that the damages arose subsequently to the commencement of the action, it being settled law that a cause of action incomplete at the impetration of the writ is not available as a set-off. In the course of the opinion it was said by our brother STERRETT : " There can be no breach of the bond and consequent right of action until the attachment is dissolved by the court, or fails by reason of plaintiff's inability to sustain his claim."

It was claimed that this rules the question we are considering. A glance at that case however will at once show that no such

[Harbert *v.* Gormley.]

point was before the court, and the attention of Justice STER-RETT was not called to the language of the condition of the bond.   Indeed, the form of the bond did not appear in that case.

In the case in hand it was as follows : "Now the condition of this obligation is such, that if the said plaintiff shall fail to prosecute the action commenced by said attachment with effect, and recover a judgment against the said defendant, and shall pay to the said defendant all legal costs and damages which the said defendant may sustain by reason of the said attachment, then the foregoing obligation is to be void, otherwise the same shall remain in full force and virtue."

There is no ambiguity in this language.   It does not say "if the plaintiff shall fail to prosecute his attachment with effect," but that if he "shall fail to prosecute the action commenced by said attachment."   The word "action" in this act cannot be held to be synonymous with "attachment," as by its provisions the "action" shall proceed though the "attachment" be dissolved, provided the defendant has been served with the writ.   The proceeding itself is of a hybrid character. It differs little from an ordinary summons except that it has a clause of attachment engrafted thereon by means of which the creditor may, in certain cases, seize the property of a fraudulent debtor before he can dispose of it and before a judgment obtained against him.   And attention is called to the fact that the goods of any debtor, however honorable, may be attached in this manner where a malicious creditor will take the risk of making a false or a rash affidavit.   In this way incalculable injury may be done to the good name of an honest man, and if the bond provides no adequate remedy it is a matter which requires the prompt and serious attention of the legislature.

We are clear that the condition of the bond is not broken by the mere dissolution of the attachment, and if in the action the plaintiff recover a judgment against the defendant, it is more than doubtful whether the latter has any remedy for the attachment, however vexatious and wrongful it may have been.

It may be the legislature intended to give a remedy upon the bond as soon as the attachment is dissolved.   They did not say so, however, and we cannot say so for them in the absence of any language which discloses such an intent.   Our province is to construe the Act, not to amend it.   We have disposed of this case promptly, to enable the legislature, which is now in session, to take such action in the matter as its wisdom may suggest.

We are of opinion that the learned judge below was right in holding that the action was prematurely brought.   It follows

that he committed no error in directing a judgment of non-suit.

Judgment affirmed.

MERCUR, C. J. dissented.