# Sperry, Appellant, *v.* Styer.

*Attachment under act of 1869—Nonresident defendant—Dissolution of attachment—Acts of March 17, 1869, P. L. 8, and May 10, 1889, P. L. 183—Foreign attachment.*

Where a defendant in an attachment under the act of March 17, 1869, has not been personally served, is not a resident of the county, and has not appeared to the action, the proceeding must follow the practice which is provided in the case of foreign attachment.

In the provision of the foreign attachment Act of May 10, 1889, P. L. 183, which reads: "It shall be lawful for the plaintiff at and after the third term of court after the execution of the writ to take judgment against the defendant for default of appearance unless the attachment before that time be dissolved," the words "before that time" relate to the time when judgment is about to be taken, and not to the "third term."

A nonresident defendant in a fraudulent debtor's attachment proceedings who has not been personally served; and who has not appeared to the action, but against whom a judgment has been entered for want of an appearance after the dissolution of the action, cannot be convicted of laches if after the expiration of eight years from the entry of the judgment, he discovers its existence and immediately proceeds to have it stricken from the record. After the dissolution of the attachment he is not required to anticipate that a personal judgment may be taken against him.

Argued Oct. 7, 1903. Appeal, No. 6, Oct. T., 1903, by plaintiffs, from order of C. P. No. 3, Phila. Co., Sept. T., 1903, No. 1207, making absolute rule to strike off judgment in case

608        SPERRY, Appellant, *v.* STYER.

Statement of Facts—Opinion of the Court. [23 Pa. Superior Ct.

of C. W. Sperry and J. Bushnell Sperry, trading as Sperry Manufacturing Company, v. Samuel Styer, trading as Styer & Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off judgment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute rule to strike off judgment.

*William Y. C. Anderson*, for appellant.—The defendant having been lawfully served with the writ of attachment in this case, the dissolution of said attachment did not terminate and end the proceedings, but left the appellee exposed to the consequences of such further steps therein as the appellants might choose to take : Bayersdorfer v. Hart, 7 W. N. C. 487 ; Megee v. Beirne, 39 Pa. 50 ; Albany City Ins. Co. v. Whitney, 70 Pa. 248 ; Fernau v. Butcher, 113 Pa. 292 ; Walls v. Campbell, 125 Pa. 346.

The attachment in this case having been issued on August 30, 1893, the commencement of the second term thereafter was the first Monday of December, 1893. The attachment was not dissolved until March 5, 1894, three months too late to prevent the entry of judgment for default of appearance, unless an appearance were entered before the appellants moved for judgment: Artman v. Adams, 11 W. N. C. 339.

The appellee by his gross laches has forfeited his right to object to the judgment in question: Jaques v. Weeks, 7 Watts, 261 ; Maul v. Rider, 59 Pa. 167 ; Meigs v. Bunting, 141 Pa. 233 ; Summy v. Hiestand, 65 Pa. 300 ; Keenan v. Quigg, 6 Pa. Superior Ct. 58 ; Howe Sewing Machine Co. v. Larimer, 5 Pa. C. C. Rep. 660.

*Joseph A. Slattery*, with him *Joseph Savidge*, for appellee.

OPINION BY HENDERSON, J., December 19, 1903 :

The plaintiffs issued an attachment under the Act of March 17, 1869, P. L. 8, on August 30, 1893, returnable on the first

Monday of September, 1893. The writ was returned served on the garnishee and nihil habet as to the defendant. September 18, 1893, the defendant obtained a rule to dissolve the attachment, which rule was made absolute March 5, 1894. April 23, 1894, the plaintiffs filed their statement of claim, and on June 22, 1894, entered judgment for want of an appearance. December 18, 1902, the defendant obtained a rule to strike off the judgment, and on December 22, 1902, the rule to strike off was made absolute, and, from this order, the plaintiffs appealed.

It is conceded that the defendant was not personally served, and that he was not residing, nor found, in the county. The single question for consideration is whether on the facts presented the plaintiffs could obtain judgment against the defendant. The second section of the act of 1869 provides for the manner of service of the writ, and directs that the sheriff or his deputy "shall deliver to said defendant or defendants or one of them a copy of said attachment, with an inventory of the property or other thing attached, if said party defendant can be found within the county, and if not found, then by leaving a copy of same at his, her or their residence, with some adult member of the family where he, she or they reside ; or, if said party defendant do not reside in the county and cannot be found, then by leaving a copy of said attachment and inventory with the person in whose possession or care said property may be, or in whose hands it may be attached." The fourth section of the act provides for the procedure after service, and directs that "in case of personal service of said attachment upon the party defendant, or if he, she or they shall be residents of the county at the time the attachment was issued, or shall appear to the action, the court shall proceed in the case in like manner as in the case of summons for debt regularly issued and duly served ; and, in case there shall not be a personal service, residence or appearance as aforesaid, the plaintiff or plaintiffs may, at any time after the first day of the second term after issuing said attachment, proceed in like manner against the party defendant and against the garnishee or garnishees by rules, interrogatories or otherwise, as is now practiced in cases of foreign attachment and attachment execution."

The defendant not having been personally served, not being

a resident of the county and not having appeared to the action, the proceeding must follow the practice which is provided in the case of foreign attachment.

The Act of May 10, 1889, P. L. 183, which amends section 53 of the act of 1836, is as follows : " It shall be lawful for the plaintiff at and after the third term of court after the execution of the writ to take judgment against the defendant for default of appearance, unless the attachment before that time be dissolved." It is apparent from the language of this statute that the dissolution of the attachment defeats the right of the plaintiffs to take judgment. The words " before that time " relate to the time when judgment is about to be taken. The legislature cannot have intended that the order of dissolution shall have been entered before the third term in order to relieve the defendant from liability to a judgment. It might frequently occur that in the crowded condition of the calendar the court could not dispose of a rule to dissolve an attachment for a considerable period after it was taken, and it is evidently the legislative intention to deny a judgment where there is no attachment. The right of plaintiffs to a judgment is not greater than it would be in a foreign attachment proceeding. Where the defendent is personally served, or is a resident of the county at the time the attachment was issued, or appears to the action, the course of procedure is the same as in the case of a summons for debt regularly issued and duly served, but, where no one of these conditions exists, the plaintiff is not entitled to a judgment in personam, and where, in the absence of personal service, residence in the county, or appearance, the attachment is dissolved before judgment for want of an appearance is taken, there is nothing upon which to found such judgment. Service of the writ on the garnishee is not such service as authorizes the court to " proceed in the case in like manner as in a case of summons for debt regularly issued and duly served." This clearly appears from the language of the fourth section of the act of 1869. That it is so interpreted by the Supreme Court is shown in the case of Harbert v. Gormley, 115 Pa. 237, where Mr. Justice PAXSON in considering the liability of the plaintiff on an attachment bonds says, " The word ' action ' in this act cannot be held to be synonymous with ' attachment ' as by its provisions the ' action ' shall proceed though the ' attachment '

be dissolved, provided the defendant has been served with the writ."

The complaint that the defendant was guilty of laches and therefore not entitled to relief is not well founded. After the attachment was dissolved, nothing remained which required diligence on his part. Not being in court by personal service or appearance, and the grip of the attachment on the property having been released, he was not required to anticipate that a personal judgment might be taken against him. It appears from the uncontradicted statement of his petition that he learned recently of the proceedings had after the dissolution of the attachment, and we find nothing in the case to support the allegation of a lack of diligence. The decree is affirmed and the appeal dismissed at the cost of the appellants.