## Armantrout v. Armantrout

*A. M. Matthews*, for plaintiff.
*John A. Berkey*, for defendant.
*Kooser & Courtney*, for garnishee.

BOOSE, P. J., February 7, 1945.—This case is before the court upon the motion of defendant's counsel and rule awarded to show cause why the judgment entered in favor of plaintiff and against defendant to the above-stated number and term should not be stricken off. The reasons assigned in support of said motion are as follows: (1) On the face of the record in the above-stated action the court is without jurisdiction of the

person of the defendant, and without jurisdiction of the alleged property of defendant; (2) said judgment is null and void; (3) the prothonotary was without authority of law to enter said judgment; (4) the prothonotary illegally and in contravention of the legal rights of defendant entered said judgment; (5) said judgment is illegal and void because the sheriff did not make return of service as required by the Fraudulent Debtors Attachment Act of March 17, 1869, P. L. 8, and its supplements and amendments; (6) the sheriff did not serve the writ of attachment and make return as required by said act; (7) said judgment was prematurely entered; and (8) said judgment is null and void because plaintiff has not proceeded according to law in obtaining said judgment.

Before considering said reasons, a brief recital of the history of the case will help clarify the matters in controversy. Plaintiff instituted said action on March 17, 1944, under the Fraudulent Debtors Attachment Act of March 17, 1869, P. L. 8, as amended by the Act of May 24, 1887, P. L. 197, and further amended by the Act of June 25, 1937, P. L. 2117, by filing an affidavit with the prothonotary setting forth her cause of action, accompanied by plaintiff's statement of claim and a bond in more than double the amount claimed, with good and sufficient surety, approved by the court, and the issuing of a writ of attachment returnable on May 8, 1944 (being the first day of the next regular term), which commanded the sheriff to attach defendant, Quincy Gordon Armantrout, by all and singular his goods and chattels, lands and tenements, in whose hands or possession wheresoever the same may be, so that he be and appear on said return day to answer plaintiff's plea of indebtedness, and that he summon the person or persons in whose hands or possession such property may be found, to be and appear on said date to answer, etc. On April 1, 1944, the sheriff made

return of the writ of attachment setting forth that he served the same upon the Peoples State Bank of Jennerstown, Pa., garnishee, by producing the original, making known to M. S. Raley, assistant cashier of said bank, the contents thereof, and by handing her a true and attested copy thereof on March 17, 1944, and at the same time and place handing her a copy of the interrogatories; and a similar return of service of the writ upon Mrs. Walter W. Smith, the other garnishee, was also made. On April 28, 1944, the bank garnishee filed an answer to said interrogatories, admitting that there was on deposit in said bank the sum of $3,500, standing in the joint account of Quincy Gordon Armantrout, the defendant, and Mrs. W. L. Smith.. On April 26, 1944, defendant, by his own counsel, appeared de bene esse and presented a petition, signed and sworn to by defendant, to dissolve the attachment for the reasons therein set forth; and on June 8, 1944, defendant, by his counsel, again appeared de bene esse and presented a motion to quash the writ of attachment. On July 11, 1944, the court filed an opinion and made an order discharging the rule to show cause why the attachment should not be dissolved and refusing the motion to quash the writ of attachment. Subsequently, on July 17, 1944, plaintiff's counsel directed the prothonotary to enter judgment against defendant in default of an appearance and affidavit of defense for the sum of $1,453.50, with interest and costs of suit. This is the judgment which defendant is now seeking to have stricken off.

The above-stated reasons assigned in support of defendant's present motion to strike off said judgment are practically the same reasons urged in support of the petition to dissolve the attachment and the motion to quash the writ. It should not be necessary to repeat what was said in the opinion discharging the rule to show cause why the attachment should not be dissolved

and the writ of attachment be quashed. We adhere to what was said there. In this proceeding, we shall confine our consideration only to what occurred since the entry of the order discharging the rule and refusing the motion to quash the writ.

From the record it appears that on July 17, 1944, plaintiff's counsel directed the prothonotary to enter judgment against defendant in default of an appearance and an affidavit of defense. This judgment cannot be sustained. The Act of June 25, 1937, P. L. 2117, amending section 4 of the Act of March 17, 1869, provides:

"In case of a personal service of said attachment upon the party defendant, or if he, she or they shall be residents of the county at the time the attachment was issued, or shall appear to the action, the court shall proceed in the case in like manner as in a case of summons for debt regularly issued and duly served; and in case there shall not be a personal service, residence or appearance as aforesaid, the plaintiff or plaintiffs may at [any time after the first day of the second term after] and after forty-five days from the date of issuing said attachment proceed in like manner against the party defendant and against the garnishee or garnishees, by rules, interrogatories or otherwise, as is now practiced in cases of foreign attachment and attachment execution; and the said court shall have like powers to decree the sale of perishable property as they now have in cases of foreign attachment."

The effect of this amending act was to limit the time to 45 days, instead of any time after the first day of the second term from the date of issuing the writ of attachment, when plaintiff may proceed in like manner against defendant as practiced in cases of foreign attachment; but it has not changed the practice and procedure in cases of foreign attachment. Where, as here, defendant in an attachment under the Fraudulent

Debtors Attachment Act of March 17, 1869, P. L. 8, as amended, has not been personally served, is not a resident of the county, and has not appeared to the action, the proceeding must follow the practice which is provided in the case of foreign attachment: Sperry v. Styer, 23 Pa. Superior Ct. 607. The proper practice in such cases has been clearly pointed out in the following cases: Great Northern Moulding Co. v. The Philadelphia Picture Frame & Moulding Co., 19 Dist. R. 217; Penn Franklin Lubricating Co. v. The Fahnestock Mfg. Co., 15 West. 227; Locey v. Sterling Motor Truck Co., 102 Pa. Superior Ct. 148. Also see 10 Standard Pa. Practice 269, §68. For the reasons clearly set forth in said authorities, the conclusion is inescapable that the judgment against defendant in person was improvidently and prematurely entered, and must be stricken off.

### Order

Now, February 7, 1945, the rule to show cause why the said judgment should not be stricken off is made absolute, without prejudice to the right of plaintiff to proceed to judgment at the proper time and in the manner prescribed by law.