## Commonwealth *v.* Klein.

*Attachment act of 1869—Dissolution of attachment—Recovery on bond—Practice.*

In proceedings of attachment under the act of 1869 where the defendant's affidavit admits the debt but denies the fraud upon which the attachment was issued, it is not sufficient to prevent judgment; and a judgment upon a verdict of the jury sustaining the allegations of fraud, is not an essential prerequisite to a recovery on a bond to obtain a release of goods seized under the attachment.

The act provides a mode in which the defendant in the attachment may have a hearing upon the allegations of fraud upon which the attachment issued, and this mode must be pursued if a dissolution is to be affected.

Argued April 23, 1900. Appeal, No. 35, April T., 1900, by defendants in a suit of Commonwealth of Pennsylvania for use of I. Saperstein against Samuel Klein and Mayer Schwartz, partners, trading as Samuel Klein & Co. and Jacob Klein, from judgment of C. P. No. 2, Allegheny Co., July T., 1899, No. 41, in favor of plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that the plaintiff claimed $167.53, with interest, upon a bond executed by defendants and given to secure the dissolution of an attachment under the act of March 17, 1869, pursuant to which said attachment was dissolved, and the said attachment proceeding was subsequently carried on to judgment against said Samuel Klein & Company for the sum of $167.53, the action on the bond being to recover the amount of said debt and costs of said Samuel Klein & Company and Jacob Klein who is their surety on said bond. After the dissolution of the attachment by the approval of the bond Samuel Klein & Company filed an affidavit of defense denying, inter alia, the allegation of fraud set up in the affidavit upon which said attachment was based. Whereupon plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which rule, upon argument, the court below made absolute.

Plaintiff subsequently sued out an action against defendants upon the bond given to dissolve the attachment, to which an affidavit of defense was filed denying plaintiff's right to recovery on said bond on the ground that the question of fraud raised by the attachment affidavit had not been adjudicated and that defendant was not to be summarily deprived of the privilege of a jury trial upon that question, to wit: the averment by plaintiff and the denial by defendants of a fraudulent contract.

The court entered judgment for want of a sufficient affidavit of defense for $201.57. Defendants appealed.

*Error assigned* was in entering judgment against defendants for want of a sufficient affidavit of defense.

*J. M. Friedman,* for appellants.—A fair and honest interpretation of this act of assembly, with respect to the giving of this bond, is that it is a security to the attaching creditor pending the determination of which, if the attaching creditor prevails, the surety upon the bond must make good his claim in the event that the goods attached are not forthcoming. If that be not a true construction, what purpose could there be then in giving the bond to dissolve the attachment?

We think the bond was not intended to cover and does not cover the case of a judgment on an ordinary summons: Fernan v. Butcher, 113 Pa. 292.

Nor, on the other hand, if the attachment be not dissolved can the defendant's bond be sued on until the final determination of the action commenced by the attchment.

In Harbert v. Gormley, 115 Pa. 237, it was decided that the plaintiff's bond could not be sued out simply because the attachment was dissolved, etc.

*Jos. Stadtfeld,* for appellee.—The attachment under the act of March 17, 1869, is purely statutory and the proceedings must be according to the terms of the act. Under paragraph six of the act it is for the court to continue or dissolve the attachment; the jury has nothing to do with this question: Walls v. Campbell, 125 Pa. 346; Myers v. Rauch, 4 Northam. 350; Herman v. Saller, 25 W. N. C. 408.

It is too late to move to dissolve an attachment after filing

an affidavit of defense to the merits of the plaintiff's claim (Loewenstein v. Sheetz, 7 Phila. 361; Yost v. Ginley, 2 Leg. Rec. 372), or after an entry of a rule of reference: Raub v. Morton, 1 Luz. Times (N. S.), 271.

PER CURIAM, May 24, 1900:

This was an action upon a bond given by the defendants to obtain a release of the goods of Samuel Klein & Company from an attachment issued under the Act of March 17, 1869, P. L. 9, as provided in section 3. In due course the plaintiff in the attachment obtained judgment for the amount of his claim, notwithstanding an affidavit of defense in which the allegations of fraud were denied. That judgment has not been paid.

The act provides a mode in which the defendant in the attachment may have a hearing upon the allegations of fraud upon which the attachment issued, and a dissolution of the attachment if they be not sustained. This mode was not pursued in the present case. " Under the act of 1869 it is for the court to continue or dissolve the attachment. The jury have nothing to do with it. It is a statutory proceeding, and can be proceeded with only as provided by statute. The position contended for by the defendant would make the jury the final judges of the propriety of the attachment. If they can reverse the court and dissolve the attachment, we must concede that they can also restore the attachment by their verdict after it has been dissolved by the court. This brings us to the reductio ad absurdum: " Chief Justice PAXSON in Walls v. Campbell, 125 Pa. 346. The defendants in the present case take, what seems to us, the still more untenable position, that although they gave a bond conditioned to pay the debt and costs if judgment should be rendered against the defendants in the attachment, and although such judgment has been obtained, yet there can be no recovery on the bond because the plaintiff cannot show a verdict sustaining the allegations of fraud, when from the very nature of the case the jury had nothing, and could have nothing, to do with those allegations, and, therefore, could render no such verdict. The court correctly held in the attachment suit, that the defendants' affidavit of defense admitting the debt but denying the allegations of fraud upon which the attachment issued would not prevent judgment, and correctly held in the

present case, that a judgment upon the verdict of a jury sustaining the allegations of fraud was not an essential prerequisite to a recovery on the bond.

Judgment affirmed.