## Commonwealth et al. *v.* Tomashefsky et al. Appellant.

*Attachment—Fraudulent debtors Act of 1869—Bond—Liability of*
*principle and surety.*

Where property is seized under the Fraudulent Debtors Act of
March 17, 1869, P. L. 8, the defendant may retain possession of
such property by giving a bond conditioned upon the payment of

any judgment subsequently obtained or the surrender of the property attached.

The giving of such bond does not dissolve the attachment; that can be done only by the court upon cause shown.

But, where the defendant by agreement with the plaintiff voluntarily gives a bond which contains no provision for the surrender of the property and which is made security for the payment of any judgment to be recovered if the attachment is withdrawn, both the principal and surety are liable for the payment of any judgment recovered in the suit which had been started by the attachment proceedings.

Argued December 12, 1927.   Appeal No. 357, October T., 1927, by Frank S. Dreeben from judgment of M. C., Philadelphia County, July T., 1927, No. 214, in the case of Commonwealth of Pennsylvania to use of Solomon Krain v. Max Tomashefsky and Maurice Schwartz, principals, and Frank S. Dreeben, Surety. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Assumpsit on a bond given in attachment proceeding under the Act of 1869.   Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of sufficient affidavit of defense.

The rule was made absolute.   Frank S. Dreeben, the surety, appealed.

*Error assigned* was the order granting plaintiff's motion for want of a sufficient affidavit of defense.

*Matthew K. Stevens,* for appellant.

*Abraham Wernick* of *Evans & Wernick,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:
The proceeding in the municipal court was an action

of assumpsit against Frank S. Dreeben as the surety
on a certain bond dated May 14, 1927. A rule for
judgment for want of a sufficient affidavit of defense
was made absolute and the defendant has appealed.
We gather from the pleadings that the bond upon
which this suit was brought was given in connection
with the institution in the Court of Common Pleas
No. 5 of Philadelphia County at No. 844, June T., 1927,
of a suit begun by an attachment under the Fraudulent
Debtors Act of March 17, 1869, P. L. 8, (the first sec-
tion of which is amended by the Act of May 24, 1887,
P. L. 197), by Solomon Krain against M. Tomashef-
sky, as defendant, and Tomashefsky's Garden Theatre,
Maurice Schwartz and Edward Relkin, as garnishees.
The ground upon which the attachment was issued is
not stated, but for the purposes of this appeal we
may assume that it was alleged that the debt of $900
there sued for had been "fraudulently contracted."
It seems that certain moneys in the hands of Maurice
Schwartz, one of the garnishees, were attached by the
sheriff as the property of the defendant in that suit.
Thereupon it became the duty of the officer serving
the attachment, under section 3 of the Act of 1869, to
take the property attached into his possession, if
capable of manual seizure, unless the defendant or
someone for him gave a bond, with sufficient surety,
"in double the amount of the debt or demand claimed,
conditioned that in the event of the plaintiff or plain-
tiff's recovering judgment in said attachment that he,
she or they will pay the debt and costs at the expira-
tion of the stay of execution on sums of like amount
given to freeholders, or that he, she or they will
surrender up the said property in as good condition
as when attached, to any officer having an execution
against said party defendant on any judgment rend-
ered in said attachment in favor of the plaintiff."
Manifestly the purpose and effect of the bond is merely
to prevent the "manual seizure" of the property by

an officer and to enable the defendant, or person in possession of the money or goods attached, to retain that possession: Commonwealth v. Sisler, 196 Pa. 147. The giving of the bond does not dissolve the attachment; that can be done only by the court upon cause shown: Commonwealth v. Klein, 13 Pa. Superior Ct. 528. The condition is that, if the plaintiff recovers a judgment, the property attached will be surrendered in good condition to any officer having an execution or, in lieu thereof, the obligors in the bond will pay any judgment obtained. When property is not capable of manual seizure it is provided that the same shall be bound by the attachment "in the hands or possession of such party from whom it is due or owing, or whose duty it is to account for the same," unless a bond be given as above mentioned. The bond under the Fraudulent Debtors Act is not to be confused, as has evidently been done on both sides of this case, with bonds authorized to be given by section 2 of the Act of March 20, 1845, P. L. 188, amending Section 62 of the Act of June 13, 1836, P. L. 568, for the purpose of securing the dissolution of a writ of foreign attachment. In a case of foreign attachment the bond is to be conditioned "for the payment of the debt or damages, interest and cost that may be recovered." Such bond contains no provision for the surrender of the property but takes the place of the property and the attachment thereon. Under the sixth section of the Act of 1869 a defendant may apply to the court, or a judge thereof, to dissolve the attachment and authority is given the court "to hear evidence or determine the truth of the allegations contained in the affidavit upon which said writ issued, and to dissolve or continue the time of such attachment, according as he shall find the allegation of such affidavit sustained or otherwise." There seems to be no authority for the dissolution of an attachment under the Act of 1869, at the instance

of a defendant, except by an order of the court out of which it issued.

In Commonwealth v. Klein, supra, this court, citing Walls v. Campbell, 125 Pa. 346, said that it is for the court to continue or dissolve the attachment; that the jury has nothing to do with it; and "that it is a statutory proceeding and can be proceeded with only as provided by statute." In that case the defendants gave a bond to obtain the release of goods from an attachment under the Act of 1869 and it was contended that there could be no recovery on it because the verdict in favor of the plaintiff did not expressly state that the debt had been fraudulently contracted. That contention was overruled and it was said that the act provides the mode in which the defendant in the attachment may have a hearing upon the allegations of fraud and this mode must be pursued if a dissolution is to be effected. The attachment in the case at bar was served the day it was issued and the bond in question was given to the Commonwealth in the sum of $2,000 by Max Tomashefsky and Maurice Schwartz, as principals, and Frank S. Dreeben, as surety. The material portions of the bond read:

"Whereas the above bounden Max Tomashefsky, the defendant in the above entitled case, and Maurice Schwartz as garnishee in the above entitled case, desire to release certain moneys attached as the property of the said defendant, by virtue of a certain Order of the said Court of Common Pleas No. 5 of Philadelphia County, June T., 1927, No. 844, in a writ of attachment under the Act of 1869; and they desire to dissolve said attachment.

"Now THE CONDITION OF THIS OBLIGATION IS SUCH, That if the above bounden Max Tomashefsky, defendant, and Maurice Schwartz, as garnishee, shall well and truly maintain title and right to the said moneys to be released and shall suffer no judgment to be entered against them by virtue of the said attachment

as of the above term and number; or, in the event of
the plaintiff recovering judgment in the said attach-
ment, if he, the defendant, shall pay the debt, interest
and costs at the expiration of the stay of execution,
and shall save harmless the said plaintiff from all and
any loss by virtue of the dissolution of said attach-
ment; or, otherwise, if the said surety shall do so for
him, then this obligation is to be void; otherwise it
is to remain in full force and virtue.''

It is to be noted that the condition of the bond does
not follow the provisions of the third section of the
act; it contains no provision for the surrender of the
property and is broader than would be a bond drawn
in accordance with the act. The entire defense is
predicated upon the legal proposition that the bond
became ''null and void when the attachment had been
dissolved.'' If the bond had been conditioned in ac-
cordance with the act, and if the attachment had been
dissolved by an order of the Court of Common Pleas
No. 5, upon the application of the defendant and proof
to the satisfaction of the court that proper grounds for
issuing it did not exist, and these facts had been prop-
erly pleaded, the affidavit of defense would have been
sufficient: Fernau et al. v. Butcher et al., 113 Pa. 292.
It is averred in the statement that the original suit
was for $900 and that the defendant, Tomashefsky,
filed an affidavit of defense admitting all but $360 and
judgment was entered for $540, with interest from
November 24, 1926. The plaintiff being unable to col-
lect this judgment from Tomashefsky now brings this
suit on the bond for the amount of his judgment. In
that bond this defendant bound himself, inter alia, that
''in the event of the plaintiff recovering judgment in
the said attachment'' he, as surety, would be liable
for the payment of the debt, interest and costs; and
further, that he would ''save harmless the said plain-
tiff from all and any loss by virtue of the dissolution
of said attachment.'' The reasonable effect of the

bond is that the defendant, or his surety, agreed to pay the amount of any judgment recovered in the suit which had been started by the attachment proceedings and that it was given for the purpose of inducing the plaintiff to withdraw the attachment. If this had been a proceeding in foreign attachment the bond contemplated by that act would have had the effect of dissolving the attachment and would have taken its place: Clauss v. Ainey, 279 Pa. 534. As we have said above, the bond prescribed by section 6 of the Act of 1869 has no such effect. It is given merely to secure the release of the property from the physical custody of the sheriff and is effective only as long as the attachment remains in force: Fernau v. Butcher, supra. We have, then, a case where the defendant and the garnishee in the attachment proceedings have voluntarily given a bond upon which appellant became surety, the obligation of which is wider than the bond contemplated by the statute. The latter would have been security for the surrender of the property if the attachment remained in force; the bond given by this appellant is, by its terms, security for the payment of the judgment if the attachment is dissolved and withdrawn. It is as if appellant had gone to the plaintiff in the attachment proceedings and promised to pay him a certain sum if he would withdraw the attachment. The only difference is that in the case actually presented the consideration for the withdrawal of the attachment is the giving of a bond to secure the payment of any judgment which might be recovered by the plaintiff therein at the trial upon the merits of his claim. Under such circumstances we are of opinion that the rule in Fernau v. Butcher, supra, does not apply to the bond given by this appellant.

The parties in the attachment proceedings did not see fit to follow the Act of 1869 by giving the prescribed bond and applying to the court for a dissolution of the attachment, but made their own arrange-

ment for the withdrawal of the attachment by the plaintiff. A part of this arrangement was the voluntary giving of the bond now in suit. When the purpose for which the bond was given is taken into consideration it is clear that it did not fall with the withdrawal of the attachment; it was expressly given for the purpose of securing such withdrawal. For these reasons we are of opinion that the averments of the affidavit of defense do not constitute a defense to the present action.

Judgment affirmed.