[Brenner, Trucks & Co. *v.* Moyer.]

# Brenner, Trucks & Co. *versus* Moyer.

1. Where two personal actions are instituted between the same parties for the same cause of action, a recovery of judgment in one extinguishes the right to recover judgment in the other.

2. Where a suit is instituted by an attachment under the Act of March 17, 1869 (P. L. 8), and the defendant appears, makes defence and gives bond for the property attached, which is thereupon restored to him, the proceeding becomes thereafter a mere personal action.

3. A. instituted a personal action against B., C. & Co., in which he recovered judgment. On the same day he instituted proceedings by attachment under the Act of March 17, 1869 (P. L. 8), against the same parties for the same cause of action. B., C. & Co. appeared and defended in the latter suit, giving bond for the value of the attached property which was returned to them. *Held*, that the recovery of judgment against B., C. & Co. in the original personal action, constituted a bar to recovery against them in the proceedings instituted by attachment.

June 7th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Clinton county:* Of May Term 1881, No. 156.

Attachment under the Act of March 17th 1869, by Peter Moyer against Brenner, Trucks & Co. The defendants filed a bond and the property attached was released. The plaintiff filed a narr. in assumpsit, to which the defendants pleaded the general issue.

On the trial, before ORVIS, A. L. J., the plaintiff put in evidence, for the purpose of showing the defendants' indebtedness, the record of a suit in assumpsit between the same parties for the same cause of action, in which the plaintiff recovered judgment on a verdict for $1,503.88. This suit was commenced on the same day as this attachment issued, and the judgment was recovered prior to the trial of the attachment suit. The said proceedings are more fully recited in the opinion of this court.

The defendants presented *inter alia* the following point:

(3) "That the proceedings in suit in the Court of Common Pleas of Clinton county, to No. 305, May Term 1874, wherein Peter Moyer is plaintiff, and Brenner, Trucks & Co. are defendants, commenced April 30th 1874, and the judgment entered therein December 28th 1876, the record of all which being offered in evidence by the plaintiff, and being for the same cause of action as that declared on in this suit, is a bar to a recovery in this suit." *Answer.* "We refuse to affirm that point."

The court charged the jury *inter alia* as follows:

[Brenner, Trucks & Co. v. Moyer.]

"In 1876 the action to No. 305 was tried before a jury, and the question of the right of the plaintiff to recover was settled, by verdict and judgment. All the questions, whether the amount that the plaintiff claimed was due at the time of the bringing of the suit; whether he had fulfilled his contract, and how much was due, were submitted to a jury of this court, and passed upon by them. They returned a verdict in favor of the plaintiff; judgment was entered upon that verdict; which remains to this time. Therefore, no question as to whether this claim was due at the time of the institution of this suit, is now open for investigation; that was settled and determined. The defendants are concluded by that verdict and judgment. We instruct you as matter of law that that verdict and judgment are conclusive of the right of the plaintiff to recover the amount of that finding by that jury in that action; that that is conclusive of his right to recover in this attachment. All you have to do is to render a verdict for the plaintiff for the amount of that verdict, with interest from that time to the present."

Verdict for the plaintiff accordingly for $1,727.70. The defendants took this writ of error, assigning for error, *inter alia*, the refusal of the above point and the portion of the charge above quoted.

*C. G. Furst* (with him *P. S. Merrill*), for the plaintiffs in error.—The former judgment merged and extinguished the cause of action and was a bar to the recovery in this. The maxim *nemo debet bis vexari pro eadem causa* applies as well where the one action is on a statute and the other at common law, because the statutory remedy is cumulative. But a plaintiff having elected one and having recovered judgment therein, is barred from recovering judgment in the other. He cannot subject the defendant to double costs: Garvin v. Dawson, 13 S. & R. 247; Wilson v. Hamilton, 9 S. & R. 429; Hess v. Heeble, 6 S. & R. 61; Marsh v. Pier, 4 Rawle 289; Duffy v. Lytle, 5 Watts 132; Broom's Legal Maxims 331.

The Act of March 17th 1869 gave a statutory remedy, but where the defendant appears, the attachment suit does not differ from a common law personal action. Where in such case the plaintiff has recovered a prior judgment, the only question is, was it tried on the merits for the same cause of action, and if so it is a bar: Blyler v. Kline, 14 P. F. S. 133. Such judgment may be given in evidence as a bar, in an action of assumpsit, under the general issue, although judgment was not entered in the first suit until after the institution of the second: Finley v. Hanbest, 6 Casey 194; 1 Greenleaf on Ev. § 530, and cases cited. The principle of this case is ruled by Baxley v. Linah, 4 Harris 250.

[Bienner, Trucks & Co. *v.* Moyer.]

*H. T. Harvey*, for defendant in error.—The judgment in the former action of assumpsit adjudicated, simply, that the defendants are indebted to the plaintiff in a certain sum. The judgment in the present attachment suit adjudicates that the plaintiff is entitled to proceed on the bond given by defendants with sureties, under the provisions of the Act of 1869, to recover the amount of the indebtedness found due by the former judgment. There is no inconsistency between the two, nor do the two judgments afford one and the same remedy, although, if either judgment is satisfied, the other will be.

If the court should hold the first judgment to be a bar, we will be deprived of our statutory remedy under the Act of 1869, which arose not merely because of the defendants' indebtedness, but because of their acts which that statute declared to be fraudulent, and by reason whereof we have a specific lien on the goods attached, or we can proceed on the bond given in lieu thereof, in addition to our general common law right of execution : Tams *v.* Lewis, 6 Wr. 402.

We adopt as our argument the remarks of ALLISON, P. J., in Swartz *v.* Lawrence, C. P. No. 1 of Phila. Co., 34 Leg. Int. 114, viz.: " But is a proceeding by attachment, under the Act of 1869, inconsistent with the action which had been brought on the claim? The two are not in conflict as to purpose, nor are the two modes of proceeding inconsistent with one another ; they are not more unlike, as remedies seeking the same end, than a suit on a mechanic's lien, instituted by scire facias, and an action on a promissory note given for the same debt; in the first instance, a judgment binds only the property against which the lien is filed, and in the second proceeding, it is general, and binds all the land of a defendant. These two proceedings do not conflict, because they look to the accomplishment of the same purpose, for though there may be two recoveries, there can be but one satisfaction."

This court can control the costs, to prevent injustice to the defendant.

[SHARSWOOD, C. J.—Only in proceedings in equity, not in common law actions.]

The case of Baxley *v.* Linah does not apply. That was a foreign attachment in which the judgment of a foreign state was held, under the constitution, to be conclusive, and therefore a bar. Here both actions were in the same court, and the execution remained under the control of the court.

Mr. Justice GREEN delivered the opinion of the court, October 3d 1881.

On April 30th 1874, the plaintiff below issued a summons

in assumpsit against the defendants, and on the same day filed a narr. and an affidavit of claim, alleging his cause of action to be an indebtedness due by the defendants to him in the sum of $1,303.19, for making and delivering 13,506 cubic feet of square timber. The narr. contained only the common counts, but subsequently an amended narr. was filed, declaring on a special contract in writing, for making and delivering square timber, the quantity delivered, and price therefor, being the same as set forth in the affidavit of claim. The pleas of non-assumpsit, payment and set-off being filed, the cause was tried on December 21st 1876, and a verdict was recovered for the full amount of the claim and interest, for which judgment was entered on December 28th 1876. This suit was No. 305, May T. 1874.

On the same 30th day of April 1874, upon which the summons in the above case was issued, the same plaintiff issued an attachment, under the act of 17th March 1869, against the same defendants, claiming the same indebtedness which constituted the cause of action in the previous suit. This proceeding was No. 306, May Term 1874. The affidavit and bond required by the act were filed, together with a præcipe for a writ of attachment, directing the sheriff to attach two rafts of timber, the property of the defendants. A writ of attachment was issued, served and returned, all on the same 30th day of April, and the rafts attached were delivered to the defendants, from whom, with sureties, a bond was taken for the surrender of the rafts, in the event of a recovery in the said attachment suit, No. 306, of May Term 1874. On December 20th 1878, a narr. was filed declaring on the same written contract which was set out in the amended narr. in the case No. 305, and also on the common counts, and alleging, in addition thereto, that the defendants were about to remove their property out of the jurisdiction of the court, with intent to defraud their creditors. The cause subsequently went to issue on the pleas of non-assumpsit, payment with leave, &c., and a denial that the defendants were about to remove their property. On the trial, the record of the judgment in the case No. 305, was given in evidence, and the court was asked, amongst other things, to charge that this judgment was a bar to a recovery in the present suit. This the court declined to do, and that refusal is assigned inter alia, for error here.

We are of opinion that the learned court below erred in thus ruling, and that the judgment must be reversed for that reason. We would have been very willing to sustain the judgment if we could do so, especially as we are informed that a practice prevails in some portions of the State, to proceed in this class of cases, in the same manner as was done here, and, doubtless, the learned

[Brenner, Trucks Co. *v.* Moyer.]

counsel for the plaintiff followed the practice usual in his vicinity. But we are quite clear that this method is erroneous, upon very familiar legal principles which cannot be overlooked.

It is without question that the cause of action in these two proceedings is the same. Considered as personal actions between the same parties, it is manifest that a recovery in the first worked an extinguishment of the right to recover in the second. We said in Wilson *v.* Wilson's Administrators, 9 S. & R. 429, that " to permit a party to recover in a second action what was included in, and might have been recovered in the first action, would be against the policy of the law and unjust, because it would harass a defendant and expose him to double costs." And in Marsh *v.* Pier, 4 Rawle 289, it was held that a judgment of a proper court being the sentence of the law upon the facts contained within the record, puts an end to all further litigation on account of the same matter, and becomes the law of the case. In Duffy & Mehaffy *v.* Lytle, 5 Watts 132, KENNEDY, J., said that " the first judgment when given, whether it be in the action commenced first or last, extinguishes the original cause of action, and gives to the plaintiff in lieu thereof one of a higher order."

These principles, which are very familiar, dispose of the question at issue, if in fact as well as in law, the two proceedings are for the same identical cause of action, and if the first judgment really determines every essential element involved in the second action. It is argued, however, and not without force, that the two proceedings are not essentially the same; that the first action is founded upon, and results in a judgment for, the mere personal liability of the defendant; while the second is a special proceeding against particular personal property only of the defendant. If this were strictly so there would be much weight in the argument. An examination, however, of the Act of 1869, develops that the view thus presented is not a correct interpretation of its provisions.

The first section authorizes the issuing of a writ of attachment in any *pending action*, because it provides that it may issue against any *defendant* upon the application of any *plaintiff*, upon filing the necessary proof and bond. It is therefore in aid of an action which has already been commenced, and in case no such action is pending may be issued in the first instance. But in either event, under the third and fourth sections of the act, it becomes an ordinary personal action, if either there is a personal service of the writ, or, if the defendant is a resident of the county, or appears to the action. In this case the defendants appeared and made defence, after a bond was given to the sheriff for the return of the rafts in the event of recovery. From that

[Brenner, Trucks Co. *v.* Moyer.]

time it is entirely clear that the proceeding became and was a mere personal action against the defendants, with a right to bring an action on the bond taken by the sheriff, if the rafts were not returned according to the condition of the bond. If they were surrendered there would be, of course, a right to have process of execution levied upon them, as upon any other property of the defendants. These being the characteristics of the proceeding it is entirely clear that, independently of authority, it must be regarded, in the circumstances of the present case, as a mere personal action, and hence subject to be barred by the recovery of a judgment in a personal action previously brought for the same cause. We consider, moreover, that the question has been practically settled by previous decisions of this court. In Baxley *v.* Linah, 4 Harr. 241, we held that a judgment in a sister state is to be deemed to have the effect of a domestic judgment in relation to the cause of action ; and where the defendant had notice, it is conclusive of the subject-matter and the original cause of action is merged in it ; therefore a suit pending in the state of Maryland and a judgment subsequently obtained therein, is a bar to a proceeding between the same parties and for the same cause of action, by foreign attachment, instituted in Pennsylvania, after the bringing of the suit and before judgment therein. On p. 250 CHAMBERS, J., said : " It is settled that where a judgment has been already obtained in a prior action by the plaintiff against the defendant for the *identical* demand, contract or obligation, it is merged by the superiority of the record security acquired by the judgment; *transit in rem judicatam*, and the creditor can no longer prosecute suit upon the original demand, though it were a specialty." In Blyler *v.* Kline, 14 P. F. S. 130, it was expressly ruled that a judgment in a foreign attachment case where the attachment is dissolved, or is contested without dissolution, has the like force and effect as in case of an action commenced by a summons. See also the case of Garvin *v.* Dawson, 13 S. & R. 247, and the authorities there cited.

We are of opinion that the judgment in the case 305 May Term 1874, being for the same cause of action, in a suit between the same parties, extinguished the cause of action in the present case, and hence, constituted a good bar to any recovery in the latter suit, and therefore,

The judgment is reversed.