# Biddle *versus* Black.

1. An affidavit filed by the plaintiff in a cause setting out that "defendants fraudulently contracted the debt and incurred the obligation for which this claim is begun," to which is appended a statement of account containing no further specification of the goods in question than "merchandise" and "goods returned," is insufficient to warrant the issuing of a writ of attachment under the provisions of the Act of March 17th 1869, Pamph. L. 8.

2. Where, however, such a writ is issued and personal service is effected on the defendant, and subsequently on his motion the attachment is dissolved, it is error to quash the writ. Though the property attached is released, the suit goes on.

January 18th 1882. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. SHARSWOOD, C. J., absent.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county:* Of January Term 1882, No. 26.

On July 9th 1881, James C. Biddle and Ernest Weiss, trading as Biddle & Weiss, procured to be issued a writ of attach-

[Biddle v. Black.]

ment, under the act of March 17th 1869 (Purd. Dig. 53, pl. 71), wherein H. W. Black and ——— Moody were named as defendants.

The plaintiff's affidavit on which the attachment issued averred an indebtedness due by defendants to plaintiffs, on a book account, for goods sold and delivered. The only averment charging fraud was the following: " The defendants fraudulently contracted the debt, and incurred the obligation, for which this claim is begun." Appended to the affidavit was a statement of account, consisting of eleven items: " To merchandise," amounting to $576.54, and one entry, " By goods returned, $419.60," showing a balance of $156.94.

The writ was returned: " Attached, as commanded, certain goods, as per schedule. . . . . Made known to [various parties] garnishees, and to H. W. Black, defendant, and nihil habet as, to Moody, defendant." A copy of the book entries was filed July 30th 1881, and on September 3d 1881 the defendant filed an affidavit of defence.

The defendant then entered a rule to dissolve the attachment and quash the writ, under which rule depositions were taken.

The court subsequently entered the following order:

" And now, September 22d 1881, this cause came on to be heard before the court in banc, upon the defendant's motion to dissolve the attachment, and quash the writ in the above case: Whereupon the plaintiffs, offered in evidence the depositions. . . . . And counsel having been heard for the plaintiffs and defendants, the court, upon consideration of the evidence above stated, dissolved the attachment and quashed the plaintiff's writ."

The plaintiffs thereupon issued a certiorari, and a writ of error, assigning for error, inter alia, the action of the court in dissolving the attachment and quashing the writ.

*C. Stuart Patterson*, for the plaintiff in error, argued that the affidavit was sufficient, being in the terms of the Act, and that depositions showed a clear case of fraud under the Act of 1869. At the time the defendant purchased our goods, he was not only hopelessly insolvent, but the sheriff was actually in possession of his goods under an execution: Mackinley v. McGregor, 3 Wh. 395.

*William Henry Peace*, for the defendant in error.—The affidavit on which the attachment originally issued was clearly insufficient under the Act. In such case the attachment was a nullity, and the action of the court was right in quashing the writ, as well as dissolving the attachment—notwithstanding ser-

vice had been made on the defendant. It is only where the attachment was properly issued in the first instance, that the suit goes on, after appearance and dissolution of the attachment, as though commenced by a summons. In any case, the depositions were insufficient to support the attachment, and the dissolving of the attachment was proper. Mere insolvency of the buyer, though known to himself, is not a fraud: the goods must have been obtained by artifice, trick or false pretence: Rodman *v.* Thalheimer, 25 P. F. Smith 232; Smith *v.* Smith, 9 Harris, 367. Even if the writ should not have been quashed, the attachment should not be reinstated by reversing the order, but the order should be modified.

Mr. Justice MERCUR, delivered the opinion of the court January 30th 1882.

The learned judge committed no error in dissolving the attachment. The affidavit is defective. It does not set forth specifically, the fraudulent acts of the defendant: nor is it made in the words of the statute. It does not sufficiently describe the kind of property, and is wholly silent as to the time the merchandise was purchased. The evidence did not establish that possession of the goods was obtained by artifice or false pretences, indicating an intention to defraud the vendors. Mere insolvency and knowledge of it by the vendees do not establish fraud in the purchase: Rodman *v.* Thalheimer, 25 P. F. Smith 232, and cases there cited. It was error, however, to quash the writ. There had been a personal service on the defendant. While the property was justly released, yet the suit goes on: Sharpless *v.* Ziegler, 11 Norris 467.

As to so much of the judgment as quashed the writ, judgment reversed and a procedendo is awarded.