## HENRY D. WALLS v. HIRAM M. CAMPBELL ET AL.
## HENRY D. WALLS v. JOSEPH C. BOTELER.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADEL-
PHIA COUNTY.

Argued March 26, 1889—Decided April 8, 1889.
[To be reported.]

1. Where, in an action begun by attachment under the act of March 17, 1869, P. L. 8, a rule to dissolve the attachment is discharged by the

court and the cause proceeded in to trial, the question of fraud has been passed upon and is not then a question for the jury.

2. On such trial, the indebtedness being admitted by the defendant and only the alleged fraud upon which the attachment was issued denied, it is not error to instruct the jury that the plaintiff is entitled to a verdict for the amount of the indebtedness.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and MITCHELL, JJ.

Nos. 399 and 400 January Term 1888, Sup. Ct.; court below Nos. 515 and 516 June Term 1885, C. P. No. 3.

On August 18, 1885, Hiram M. Campbell and Henry T. Atkinson, trading as Campbell & Atkinson, began a suit by an attachment, under the act of March 17, 1869, P. L. 8, against Henry D. Walls, trading as J. A. Riter & Co. On the same day Joseph C. Boteler brought a like action on a like writ against the same defendant.

The affidavit upon which the attachment of Campbell & Atkinson was based was as follows:

" Henry T. Atkinson being duly sworn according to law deposes and says : That he is a member of the firm of Campbell & Atkinson, plaintiffs in the above case; that Henry D. Walls, trading as J. A. Riter & Co., is justly indebted to deponent's firm in the sum of two thousand and twenty-four dollars and sixty-seven cents, being for goods sold and delivered to him, from the seventh day of June, 1884, to the twentieth day December, 1884; that the said Henry D. Walls, trading as J. A. Riter & Co., fraudulently contracted said debt, and incurred the obligation for which this claim is made."

The affidavit of Joseph C. Boteler, upon which his attachment was based, set out that Walls was indebted to him in the sum of fourteen hundred and forty-three dollars and twenty-three cents, for goods sold and delivered and work and labor done, and that Walls fraudulently contracted the debt and incurred the obligation for which the claim was made.

On August 25, 1885, rules to dissolve the attachment in each case were taken, and on October 10, 1885, these rules, after argument and the submission of depositions, were discharged.

The plaintiffs in each suit then filed a declaration in the common counts in assumpsit. Issue in each case.

At the trial on April 13, 1887, Walls testified that the claim of Campbell & Atkinson had been settled in full by notes and cash, and that one of the notes was not due when the attachment was issued. This was denied by the plaintiffs, who claimed that the notes were given and held merely as collateral.

In the suit by Boteler, the plaintiff testified that he claimed under a written contract with an agent of the defendant. The latter made an offer to prove that the debt was not fraudulently contracted, but did not offer to contradict plaintiff's testimony.

By the court: Offer refused; exception.[4]

In both cases the defendant presented the following points:

1. If the jury believe that the defendant did not fraudulently contract the debt or incur the obligation for which the plaintiffs' claim is made, their verdict should be for the defendant.

Answer: Refused.[2]

2. If the jury find that the defendant contracted with the plaintiffs for the work done and material furnished in the ordinary course of business, and that he practiced no fraud on the plaintiffs in the contraction of the debt, or did not fraudulently incur the obligation, then the plaintiffs' action falls and your verdict in this case must be for the defendant.

Answer: Refused.[3]

In the suit brought by Campbell & Atkinson, the defendant filed the additional points:

3. An intention not to pay, at the time a purchase is made does not make such purchase fraudulent. An intention not to pay is dishonest but it is not fraudulent. The law provides an action on the contract as the remedy for such dishonesty, and it is no more fraudulent to have such an intention at the time of the purchase than at the time when payment ought to be made: Smith v. Smith, 21 Pa. 307.

Answer: Refused.

4. If the jury believe that the plaintiffs relied upon the naked promise of the defendant to pay them from time to time, as he was paid, and the defendant failed to keep the promise,

such a failure on his part would not amount to fraud. A failure to perform the conditions of a sale in the future is not fraudulent per se: Harris v. Smith, 3 S. & R. 22.

Answer: Refused.

The court, REED, J., in the action by Campbell & Atkinson, charged the jury as follows:

" In the view which I take of the law the question as to the fraudulent character of this claim has already been settled by this court, which is a decision that binds me as well as you. At the argument upon the rule to dissolve this attachment, the question as to whether there was any fraud in this case sufficient to justify the issuing of the attachment was passed upon and decided. [The sole question in the case before you is whether there is any money due by the defendant to the plaintiffs, the amount being the sum of money that is agreed on both sides to be due. Therefore, as that is the only point to be considered, and as that point is not in dispute, your verdict must be for the plaintiffs for that amount, which is \$2,024.07, with interest, and you will find a verdict accordingly.] " [1]

In the action by Boteler, the court charged as follows:
" I direct a verdict for plaintiff."

Judgment having been entered on the verdicts for plaintiffs in each case, Walls took these writs, assigning for error, in the first case, the part of the charge in [ ] [1]; and in the second case,

1. The charge of the court.
2, 3. The refusal of the defendant's points.[2] [3]
4. The refusal of the defendant's offer.[4]

*Mr. Alex. Simpson, Jr.* (with him *Mr. A. W. Horton*), for the plaintiff in error:

1. Whether a note given and accepted for an existing debt operates as a payment or as collateral security, is for the jury: Hart v. Boller, 15 S. & R. 162; Kemmerer's App., 102 Pa. 558. An attachment under the act of 1869 does not lie for a debt not yet due: Coaks v. White, 11 W. N. 271. Where the evidence is oral, although only on one side, it should be submitted

to the jury to decide upon the credibility of the witnesses: Reel v. Elder, 62 Pa. 316; Bank v. Donaldson, 6 Pa. 179. Plaintiff having testified that he claimed under a written contract with a supposed agent of the defendant, a binding instruction should not have been given without either proof of the contract or agency.

2. In a proceeding commenced by attachment under the act of 1869, where the attachment is issued on an allegation that the debt was fraudulently contracted, can the defendant insist on the trial that the jury should pass upon the question as to whether or not the debt was fraudulently contracted? In Wetherald v. Shupe, 109 Pa. 389, it is held that the action of the Court of Common Pleas in dissolving or refusing to dissolve an attachment under the act of 1869, is discretionary, and cannot be reviewed in this court on writ of error to that decision. And in Harbert v. Gormley, 115 Pa. 237, it is held that no matter how wrongfully may have been the issuing of the attachment, if the plaintiff recovers judgment in the action thereby commenced, the defendant is without remedy. It follows, therefore, that unless the defendant can have the question of the fraud alleged against him tried by a jury, he is not only held up to public disgrace, but he has no remedy for the wrong done him.

*Mr. John Sparhawk, Jr.*, for the defendants in error:

1. Where there is no real dispute as to the material facts in a case, it is not error for the court to direct a verdict: Gardner v. McLallen, 79 Pa. 398; Angier v. Eaton etc. Co., 98 Pa. 594; Longenecker v. Railroad Co., 105 Pa. 335.

2. The dissolution or sustaining of an attachment lies in the discretion of the court below and is not reviewable: Wetherald v. Shupe, 109 Pa. 389. A plaintiff, after beginning a suit by summons, may afterwards issue an attachment under the act of 1869, to secure a lien: Brenner v. Moyer, 98 Pa. 278. The attachment, therefore, cannot be said to change the action so as to introduce new matter for the jury on the trial: Cornman's App., 90 Pa. 256; Sharpless v. Ziegler, 92 Pa. 470; Biddle v. Black, 99 Pa. 380; Gunnis v. Cluff, 111 Pa. 512; Fernau v. Butcher, 113 Pa. 292; Harbert v. Gormley, 115 Pa. 240; Lieberman v. Hoffman, 2 Penny. 213.

WALLS v. CAMPBELL.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an attachment under the act of 1869. A motion was made in the court below to dissolve the attachment which was refused, and the case went on to trial, with the result of a verdict against the defendant. There is but a single assignment of error, out of which the learned counsel for the plaintiffs in error have carved two questions, viz.: (a) "Ought the court below to have instructed the verdict in view of the disputed facts, especially that the whole of plaintiffs' claim had been paid by notes, one of which was not due at the time of suit brought?" and (b) "Is this question of fraud to be tried by the jury?" In regard to the first, it is sufficient to say that the case was tried below upon the theory that the entire contest was over the question whether the fraud could be tried before the jury. This appears not only from the charge of the learned judge, but also from the points submitted by the defendant, which referred to the question of fraud and to nothing else. The defendant when upon the stand distinctly admitted owing the money, and denied only the fraud upon which the attachment was granted. The court was not requested to charge in regard to the outstanding notes, and we must treat the case here as it was tried there.

We have no difficulty as to the other point. An attachment under the act of 1869, as was observed in Harbert v. Gormley, 115 Pa. 237, " is of a hybrid character. It differs little from an ordinary summons except that it has a clause of attachment engrafted thereon, by means of which the creditor may, in certain cases, seize the property of a fraudulent debtor before he can dispose of it, and before a judgment is obtained against him." If the attachment is dissolved by the court the suit still goes on; the plaintiff may recover his judgment against the defendant, but he has lost his grasp or lien on the particular property attached. If the attachment be not dissolved, and the creditor gets a judgment, he retains his lien and reaps the fruit of his attachment. In this case, as before observed, the court below refused to dissolve the attachment, and upon the trial the defendant claimed to try the question of fraud before the jury. This the court very properly refused to allow. Under the act of 1869 it is for the court to continue or dissolve

the attachment. The jury have nothing to do with it. It is a statutory proceeding, and can be proceeded with only as provided by the statute. The position contended for by the defendant would make the jury the final judges of the propriety of the attachment. If they can reverse the court and dissolve the attachment, we must concede that they can also restore the attachment by their verdict after it has been dissolved by the court. This brings us to the reductio ad absurdum.

Judgment affirmed.

WALLS v. BOTELER.

PER. CURIAM:

This case is ruled by Walls v. Campbell, just decided.

Judgment affirmed.