# Slingluff *v.* Sisler.

196  121
f196  147

*Attachment under the act of* 1869—*Refusal to dissolve attachment—Jury trial.*

Where the court on motion refuses to dissolve an attachment under the act of 1869, the question whether there was ground for issuing it is settled, and cannot be reviewed by a jury either on the trial of an issue to determine whether the debt is due, or in a separate proceeding.

*Constitutional law—Attachment, under act of March* 17, 1869.

The act of March 17, 1869, relating to the commencement of actions by attachment against fraudulent debtors is constitutional. White v. Thielens, 106 Pa. 173, reaffirmed.

Argued May 8, 1900.    Appeal, No. 99, Dec. T., 1900, by P. S. Newmyer, assignee, from order of C. P. Fayette Co., Dec. T., 1895, No. 245, discharging rule to prosecute attachment in case of Slingluff, Johns & Co. v. J. G. Sisler.    Before GREEN, C. J., McCOLLUM, FELL, BROWN and MESTREZAT, JJ.    Affirmed.

Rule to prosecute attachment with effect and put the same at issue to try the question involved therein.

From the record it appears that the writ was issued on October 11, 1895, and was served personally the same day.    October 15, 1895, on petition of the defendant a rule was granted on the plaintiffs to show cause why the attachment should not be dissolved, and November 1, 1895, the defendant moved to quash the writ, which rule was discharged and motion to quash denied and refused November 8, 1895, after having been argued by counsel and fully considered.    March 21, 1896, a second petition on behalf of the defendant was allowed to be filed, praying, inter alia, for a rule on plaintiffs to show cause why the attachment should not be dissolved, on which, April 14, 1896, the court ordered and directed that the prayer of the petition of defendant for a rule to show cause why the attachment should not be dissolved be refused, from which order an appeal was taken to the Supreme Court, where the appeal was quashed, and again, August 27, 1897, the defendant made motion and presented reasons to quash and dissolve the attachment, whereupon the court denied and dismissed the motion because the

reasons assigned had been considered by the court on two former applications to quash and dissolve the attachment. On April 11, 1898, the defendant appealed from the foregoing and other orders to the Supreme Court, alleging, inter alia, error in refusing to dissolve the attachment. On October 19, 1899, the judgment was affirmed. On February 12, 1900, the court discharged the present rule.

*Error assigned* was the order of the court.

*Edward Campbell*, for appellants.

*D. M. Hertzog*, with him *E. D. Fulton*, for appellee.

OPINION BY MR. JUSTICE FELL, May 21, 1900 :

The questions raised by this appeal have all been definitively settled by the decisions of this court adversely to the appellant's contention. Where an attachment under the act of 1869 has been dissolved the case goes on as under an ordinary summons if there has been service on the defendant : Sharpless v. Ziegler, 92 Pa. 467 ; Biddle v. Black, 99 Pa. 380. Where the attachment is not dissolved the plaintiff of course retains his lien. Where the court on motion refuses to dissolve the attachment the question whether there was ground for issuing it is settled, and cannot be reviewed by a jury either on the trial of the issue to determine whether a debt is due or in a separate proceeding : Walls v. Campbell, 125 Pa. 346. In this case, the court having refused to dissolve the attachment, and judgment for the debt having been entered against the defendant, he had no right to an issue to test the validity of the attachment, and his rule was properly discharged.

The constitutionality of the act was expressly upheld in White v. Thielens, 106 Pa. 173, and this decision was reaffirmed in the recent case of Page v. The Williamsport Suspender Co., 191 Pa. 511, in which the supplemental act of July 9, 1897 was held to be constitutional.

The order of the court is affirmed.