## Locey *v.* Sterling Motor Truck Company of Pittsburgh, Appellant.

Argued March 11, 1931.

Before T‍REXLER, P. J., K‍ELLER, L‍INN, G‍AWTHROP, C‍UNNINGHAM, B‍ALDRIGE and D‍REW, JJ.

*Thompson Bradshaw* of *May and Bradshaw,* and with him *Andrew B. Dunsmore,* for appellant.

*G. Mason Owlett* of *Crichton & Owlett,* and with him *C. H. Ashton,* for appellee.

OPINION BY KELLER, J., April 15, 1931:

On April 22, 1929 Sterling Motor Truck Company of Pittsburgh, a Pennsylvania corporation having its principal place of business in the City of Pittsburgh, agreed to sell to E. H. Locey of Mansfield, Tioga County, Pennsylvania, under a conditional sales contract in writing, a new Sterling motor truck. The contract was made at Pittsburgh and provided for a substantial down payment by the buyer and the giving of thirteen notes aggregating $3,429. The truck was delivered to the buyer pursuant to the contract, and the latter made the down payment and paid the first note when it came due on June 2, 1929. He refused to make the subsequent payments as they fell due and the motor truck company thereupon demanded the return of the truck, as provided in the contract. Locey refused to deliver up the truck and the motor truck company then brought an action of replevin against him in Tioga County to No. 174, September T., 1929, giving bond with an approved surety company, and the sheriff made return that he had seized and replevied the truck on July 25, 1929, and had turned over the same to A. B. Dunsmore, Esq., attorney for the motor truck company in the replevin action.

On July 27, 1929 Locey caused this fraudulent debtor's attachment under the Act of March 17, 1869,

P. L. 8, as amended by the Act of May 24, 1887, P. L. 197, to be issued against Sterling Motor Truck Company, which the sheriff of Tioga County returned as served personally on A. B. Dunsmore, garnishee, by handing him in Wellsboro, Tioga County, Pa., on Thursday, July 25, [sic] 1929 at 4:45 o'clock P. M., a true and attested copy of the original writ and by making known to him the contents thereof, and attached one D W 15-64 Sterling Motor Truck, bearing serial No. 15W622 and motor No. 191,126.

The grounds for the attachment set forth in the plaintiff's affidavit, in addition to the averment that the defendant was justly indebted to him in the sum of $2,420, were (1) that the defendant fraudulently contracted the debt in suit, in that it had fraudulently represented said motor truck so purchased under said conditional sale agreement to be a new truck equipped with a Heil body, of the value of $5,489, and by virtue of said representations had secured from the plaintiff the payment of $2,420 on account of the purchase price, whereas after the delivery of the truck the plaintiff had found out that the truck was not new, as represented, but second hand, and that the body was not a Heil body but one of cheaper and poorer construction, with certain defects of construction therein specified, and that said truck was not worth over $2,000; and that plaintiff had on discovery of said fraud rescinded the contract and demanded the return of the payments made by him, but the defendant had refused to refund the same or any part thereof; and (2) that the defendant was about to remove its property out of the jurisdiction of the court with intent to defraud its creditors and particularly the plaintiff. Bond with approved corporate surety in the sum of $4,840 was filed by the plaintiff prior to the issuance of said attachment.

On August 20, 1929 the defendant's bond, conditioned as provided in the third section of the Act of

1869, with corporate surety in the sum of $4,480, was filed and approved by the court.

On September 20, 1929 plaintiff's statement of claim was duly filed with the following endorsement thereon: ·''And now, September 20, 1929, the within statement of claim served on me this above date. A. B. Dunsmore, of Attys. for defendant.''

On September 27, 1929 defendant filed a motion for leave to enter an appearance de bene esse and file a motion to quash the writ of attachment and for leave to take a rule to show cause why the attachment should not be dissolved; and the same day leave was granted by the court as prayed for.

On September 27, 1929 defendant's attorneys entered an appearance de bene esse and moved to quash the writ. No motion to dissolve the attachment was filed at that time, nor was any notice of the motion for leave to enter an appearance de bene esse or to quash the writ given the plaintiff in the attachment.

On November 11, 1929 plaintiff took judgment against defendant for the sum of $2,499.86 for want of an affidavit of defense. The same day a petition for rule to dissolve the attachment was filed by the defendant, in which the fraud alleged by the plaintiff was specifically denied; and a motion made by plaintiff to set aside the order of September 27, 1929, granting defendant leave to enter an appearance de bene esse and move to quash the writ of attachment.

On November 15, 1929 the defendant moved to strike off the judgment entered on November 11th for want of an affidavit of defense; and on December 31st, plaintiff filed his answer to the rule to dissolve the attachment, of which ''A. B. Dunsmore of Attys. for defendant'' acknowledged service in the identical language used for the service of plaintiff's statement of claim.

On February 25, 1930 the court below (1) dismissed the rule to quash the writ of attachment; (2) dis-

charged the rule to strike off the judgment; (3) continued the motion to dissolve the attachment and the hearing thereon, pending appeal to this court.

The defendant appealed from the order of the lower court as to (1) and (2) above.

. We have stated the complicated facts involved in this appeal in detail, in order that a full understanding of the questions involved might be had.

. In our opinion the controversy rests on the effect to be given the filing by defendant of the bond provided for by section 3 of the Act of 1869, and the "service" of the plaintiff's statement of claim.

The bond provided for by the third section of the Act of 1869, unlike the defendant's bond in foreign attachment, does not cause a *dissolution of the attachment*. In an opinion by our Brother CUNNINGHAM in Com. v. Tomashefsky, 93 Pa. Superior Ct. 104, we pointed out that the purpose of the bond was to prevent the manual seizure and retention of the defendant's property by the sheriff, and to enable the defendant or person in possession to retain that possession. See also, Com. v. Sisler, 196 Pa. 147, 148; Fernau v. Butcher, 113 Pa. 292.

If the writ of attachment was irregularly issued, or illegally served or any other material defect appears in the process, the defendant may move to *quash the writ.* If the defendant denies the allegations of fraud contained in the plaintiff's affidavit for the attachment, he may move to *dissolve the attachment;* and on the hearing pursuant to such motion the court may on proper cause shown, whether that cause appear from the face of the original affidavit, or from evidence dehors that paper, dissolve the attachment: Sharpless v. Ziegler, 92 Pa. 467, 470; Com. v. Burns, 14 Pa. Superior Ct. 248, 255; and the burden is on the plaintiff to sustain his averments of fraud: Ibid, p. 257. If the court dissolves the attachment because fraud was insufficiently alleged or proved, the attach-

ment and the bond, if any, filed under the third section of the Act of 1869 to prevent the manual retention of the attached property, fall; and the plaintiff loses all the security which he temporarily held under the attachment: Fernau v. Butcher, supra, p. 299; Walls v. Campbell, 125 Pa. 346, 351; but the action as a personal action of debt (now assumpsit) goes on in the usual form, as under an ordinary summons, (Slingluff v. Sisler, 196 Pa. 121, 122), and subject to the prescribed practice, provided the defendant was served with the writ or an appearance has been entered on his behalf: Brenner, Trucks & Co. v. Moyer, 98 Pa. 274, 278; Biddle v. Black, 99 Pa. 380, 382; Sharpless v. Ziegler, supra, p. 470; White v. Thielens, 106 Pa. 173, 175. If the court refuses to dissolve the attachment, the question of defendant's fraud is then settled and eliminated from further consideration, and the sole matter remaining to be tried or disposed of is whether a debt in excess of $100 was due and owing by defendant to plaintiff at the issuing of the writ, and if so, its amount: Shaw v. Shuppel, 4 Walker 181; and the plaintiff retains his liens, or his right of action on the bond to prevent the manual retention of the defendant's property, if one was given, and if he secures a judgment, reaps the fruit of his attachment: Walls v. Campbell, supra, p. 351; Com. v. Sisler, 196 Pa. 147, 148; Com. v. Klein 13 Pa. Superior Ct. 528, 530; Slingluff v. Sisler, 196 Pa. 121.

It follows that if personal service of the writ has been made on the defendant, or he has entered a general appearance, the action proceeds as any other personal action in assumpsit (Lieberman v. Hoffman, 2 Pennypacker 211, 213; Brenner, Trucks & Co. v. Moyer, supra, p. 279; Walls v. Campbell, supra, p. 351; Miller v. Rohrer, 127 Pa. 384, 388); and the practice as prescribed in the Practice Act of 1915, P. L. 483 for actions of assumpsit, applies; and the defend-

ant is required to file an affidavit of defense, as provided in section 12 of that act.

Personal service of the writ of attachment was not made on the defendant in this case. Did its actions, as above stated, amount to the entering of a general appearance? In McCullough v. Railway Mail Assn., 225 Pa. 118, the Supreme Court, speaking through Mr. Justice MESTREZAT, said: "It is a familiar rule of practice in this state that an appearance by the defendant cures any defect or irregularity in the service of the writ. A defendant may appear in person or by counsel. If he appear by counsel, the latter causes his name to be entered on the record. It is not necessary, however, that the defendant should formally appear personally or by counsel to give the court jurisdiction, and to make him amenable to its order, decree or judgment. He will be regarded as having appeared if he give bail to the action, if he file an affidavit of defense to the merits of the cause, if he make defense before arbitrators or appeal from an award, or if he agree that an amicable action may be entered. By taking either of these steps in an action brought against him, the defendant submits himself to the jurisdiction of the court for the trial of the cause upon its merits, and is bound by the judgment."

We are of opinion that the entry of the bond under section 3 of the Act of 1869, "in double the amount of the debt or demand claimed, conditioned that in the event of the plaintiff recovering judgment in said attachment [the defendant] will pay debt and costs at the expiration of the stay of execution on sums of like amount given to freeholders, or that it will surrender up the said property in as good condition as when attached, to any officer having an execution against said party defendant on any judgment rendered in said attachment in favor of the plaintiff," at a time when no motion to dissolve the attachment was pending, was a form of entry of bail to the action, if the

attachment should not afterwards be dissolved, and had the effect of a general appearance, in order that the justness of the plaintiff's demand against the defendant might be litigated and decided in the action; that the condition in the statutory bond that the obligors, in the event of the plaintiff recovering judgment in said attachment, will pay the debt and costs, or surrender up said property to any officer having any execution against the defendant on any judgment rendered in said attachment, contemplates that by the entry of said bond the defendant appears to the action in such a manner that a personal judgment may be obtained against it on which an execution may be levied against it, and its property taken in satisfaction thereof, provided it is finally determined that the defendant was justly indebted to the plaintiff at the issuance of the writ and still is so indebted. We do not think, in such event, that the plaintiff is obliged to proceed as in foreign attachment (section 4 of Act of 1869) against a nonresident defendant who has not been served with process, for the execution in such process is limited to the attached property, and this by the filing of the bond has been removed from the jurisdiction of the court. We are further of opinion that the endorsement by defendant's attorney on plaintiff's statement of claim, as above set forth, was equivalent to an acceptance of service and the entry of a general appearance for the defendant. The Practice Act of 1915 does not prescribe any form for the service of a plaintiff's statement. Any representation made in writing by one that he is attorney for the defendant, and acknowledging that a copy of the plaintiff's statement has been served on him, constitutes a good service of the statement, and requires the filing of an affidavit of defense by the defendant. We think the above endorsement which was entered on the docket of the case, taken in connection

with the filing by said attorney of the bond above-mentioned, amounted to the entering of a general appearance, and cured the defect in the sheriff's return, which was clearly a clerical error and amendable in accordance with the facts, in any event.

We are, therefore, of opinion that the court below committed no error in refusing to quash the writ and strike off the judgment for want of an affidavit of defense. We do not go as far as the court of common pleas No. 1 of Philadelphia County, in Kriebel v. High, 1 Dist., 385, which refused to strike off a judgment for want of an affidavit of defense in an attachment under the Act of 1869, which was entered while a rule to dissolve the attachment, and staying all proceedings in the meanwhile, was pending. But the rule to quash the writ which was pending at the time the present judgment was entered was never served on the plaintiff, nor brought to his attention, until after the entry of the judgment, and the failure to do so was the defendant's own fault for which it is responsible.

We feel, on the other hand, that in the circumstances here present and the uncertainty attending this somewhat unusual process, the case was peculiarly one for the opening of the judgment, and allowing the defendant to defend on the merits, as well as to move for the dissolution of the attachment on the ground of the absence of fraud. We have no hesitation in saying that the contemplated removal of the truck out of the county by the defendant, whose place of business is in another county, following the bringing of an action of replevin, in which bond to this plaintiff with approved surety in double the value of the truck was filed, is not a removal of the defendant's property with intent to defraud its creditors within the intent of the act, such as to justify the issuing of the attachment. We shall not in advance of the hearing in the court below make any pronouncement on the other ground of fraud alleged

in the affidavit for the attachment, viz., that the debt was fraudulently contracted; beyond saying that such an averment is not supported by a mere breach of warranty, but requires proof of an intention to defraud at the inception of the debt or contract. The case should be so disposed of as to permit a hearing of the defendant's motion to dissolve, followed by a trial on the merits; with a right of action on defendant's bond, in case of a judgment in favor of the plaintiff in the action, dependent upon the outcome of the rule to dissolve the attachment. If the rule to dissolve the attachment be made absolute, the bond falls with the attachment; if the rule to dissolve the attachment be discharged, the bond remains in full force and effect.

The assignments of error are overruled and the orders of the court below are affirmed.