## Coryell v. Kuser

*Scott & Connor*, for petitioner.
*Conlen, LaBrum & Beechwood*, contra.
*H. J. Horan, Jr.*, for garnishee.

SMITH, P. J., November 7, 1936.—This matter comes before us on a rule to show cause why a judgment should not be stricken off.

On March 21, 1932, plaintiff started an action in assumpsit against defendant in the Court of Common Pleas of Atlantic County, N. J., and caused a copy of complaint in the said action to be served personally upon defendant on March 24, 1932. Defendant failed to appear or answer said summons and complaint as required by the law of New Jersey, and the said court of common pleas, on May 2, 1932, rendered a judgment against defendant and in favor of plaintiff in the sum of $2,282.90, and costs in the sum of $61.69. This judgement is still in full force and legal effect in New Jersey.

The cause of action in the jurisdiction of the Court of Common Pleas of the County of Philadelphia was begun on October 24, 1934, by an attachment under the Act of March 17, 1869, P. L. 8, as amended by the Act of May 24, 1887, P. L. 197, and defendant was personally served. Several garnishees were served or accepted service, among them being the Broad Street Trust Company, against which company and defendant attachment execution was issued on February 20, 1935. On January 26, 1935, a true and correct copy of the said statement of claim with notice to file an affidavit of defense was served upon defendant by handing the same to the clerk of the Young Men's Christian Association, Fifteenth and Arch Streets, in the City of Philadelphia, Pa., the place of lodging where defendant resided. This statement of claim sets forth as a cause of action the said judgment obtained in Atlantic County, N. J.

On January 31, 1935, defendant caused a rule to show cause why the attachment under the Act of 1869, supra, as amended, should not be dissolved. This rule contained an order that all proceedings should meanwhile stay. While this rule was pending, on February 15, 1935, plaintiff took a judgment in default for want of an affidavit of defense and notified the attorney for defendant

thereof. It is this judgment which defendant seeks to have stricken off.

It appears that no reason exists for the granting of this rule, since the stay of proceedings in the rule to dissolve the attachment has no effect on the right of plaintiff to proceed to judgment. The Act of 1869, supra, sec. 4, provides, inter alia:

"In case of a personal service of said attachment upon the party defendant, or if he, she or they shall be residents of the county at the time the attachment was issued, or shall appear to the action, the court shall proceed in the case in like manner as in a case of summons for debt regularly issued and duly served".

The case of Kriebel v. High, 1 Dist. R. 385, has decided this question by discharging a similar rule. It is true that no opinion was filed and it is also true that Keller, J., in Locey v. Sterling Motor Truck Company of Pittsburgh, 102 Pa. Superior Ct. 148, 157, said:

"We do not go as far as the court of common pleas No. 1 of Philadelphia County, in Kriebel v. High, 1 Dist., 385, which refused to strike off a judgment for want of an affidavit of defense in an attachment under the Act of 1869, which was entered while a rule to dissolve the attachment, and staying all proceedings in the meanwhile, was pending."

Yet, in the latter case, there was no necessity for the learned Judge Keller to have gone so far, as the rule to quash the writ in the matter before him was not properly served on plaintiff. Otherwise the question involved seems novel in this Commonwealth.

It is seen by an examination of the argument docket that defendant was allowed the rule to show cause why the attachment should not be dissolved with the stay of proceedings in January 1935, and has either had it continued or has not answered the call of the list so that the said matters up to the present time have not been pressed or disposed of.

This would indicate the probability that "all proceedings" were considered in a restricted sense and as not applying to the separate action in assumpsit. The attachment under the Act of 1869 is merely auxiliary to the principal action in assumpsit. All proceedings in a motion to dissolve an attachment are independent and have no relation to the assumpsit action. Each one stands to a great degree on its own legal feet. Such distinction existed at the time of the granting of the rule to dissolve the attachment and was considered by the court. "All" means all things having to do with the particular genus or character of matter at that time before the court, to wit, attachments under the Act of 1869.

Webster's New International Dictionary states:

". . . *all other* are judicially construed as intended to include only all such other things as are ejusdem generis, when such a construction is calculated to carry out the intention of the user."

Thus ejusdem generis may be defined in reason and logic: of the same species, or genus; things of the same kind; attachments as distinguished from actions in assumpsit.

### Decree

And now, to wit, November 7, 1936, the rule to show cause why the judgment in this case should not be stricken off is discharged.