## Whalen v. Richards

*Shull, Shull & Kitson*, for plaintiff.
*F. B. Holmes*, for defendant.

SHULL, P. J., October 19, 1938.—This action is an appeal from judgment of a justice of the peace.

The transcript, appeal, affidavit, and recognizance were filed in the office of the prothonotary, November 19, 1937. There was upon this transcript, appeal, affidavit, and recognizance the following:

"Enter the within appeal and my appearance for the defendant.

F. B. Holmes,

Defendant's Attorney

To the Prothonotary
1937."

The record shows that plaintiff filed his statement of claim in the office of the prothonotary on April 18, 1938, and under the same date and endorsed upon the statement which is on file appears the following:

"And now, April 18th, 1938, service of the within statement of claim is accepted.

F. B. Holmes,

Defendant's Attorney."

F. B. Holmes, having upon the appeal entered generally his appearance for defendant, had full legal authority to accept service of this statement and to bind this defendant thereby. Where service is accepted, it has not the formality of a service such as is required by law

where process is served by an officer. Inter alia, it dispenses with a return. As to the service of a plaintiff's statement, in the case of Locey v. Sterling Motor Truck Company of Pittsburgh, 102 Pa. Superior Ct. 148, 156, our Superior Court held:

"The Practice Act of 1915 does not prescribe any form for the service of a plaintiff's statement. Any representation made in writing by one that he is attorney for the defendant, and acknowledging that a copy of the plaintiff's statement has been served on him, constitutes a good service of the statement, and requires the filing of an affidavit of defense by the defendant."

The validity of such service is not dependent upon the giving, to the attorney accepting service, of a true and attested copy, nor, indeed, is it requisite that any copy at all be given to such attorney, for his acceptance is a voluntary act. He may accept or he may refuse to accept at his pleasure. While of course the giving of a true copy upon the acceptance of service is good practice, still, if the attorney sees fit to accept service without having first received a copy, or a true copy, the party he represents is nevertheless bound by such acceptance and may not later be heard to complain that he did not receive a true and attested copy. The acceptance of service charges such attorney and the client he represents with knowledge of the contents of the statement upon which the attorney endorses an acceptance of service and such endorsement waives the right of a true and attested copy if such right was vested in the client represented by the attorney accepting the service; and, though exceptions may be taken to a plaintiff's statement after an acceptance of service if the statement be defective, still exceptions may not be taken to the service after an acceptance of service has been endorsed upon the writ.

For these reasons, the rule to show cause why the statement of claim should not be stricken from the record must be dismissed.

And now, October 19, 1938, rule to show cause why statement should not be stricken from the record is dismissed and defendant is given 15 days after notice of the filing of this decree within which to file an affidavit of defense.