## Brenner v. Messer et al.

*Pearce H. E. Aul*, for plaintiff.

*Frederick E. Smith*, for defendants.

BIESTER, J., July 3, 1951.—This matter comes before the court as a result of a petition to show cause why a writ of fraudulent debtor's attachment should not be quashed and the attachment dissolved, the basis of the petition being the insufficiency of the affidavit of cause of action.

The Act of March 17, 1869, P. L. 8, as amended, 12 PS §2711, requires that such a writ of attachment may issue upon affidavit of plaintiff, setting forth:

1. That defendant is justly indebted to plaintiff in a sum exceeding $100.

2. The nature and amount of such indebtedness.

3. (*a*) That defendant is about to move his property out of the jurisdiction of the court with intent to defraud his creditors; or (*b*) that defendant has property which he fraudulently conceals; or (*c*) that refendant has assigned, disposed of or removed or is about to remove such property with intent to defraud his creditors; or (*d*) that defendant fraudulently con-

tracted a debt or incurred an obligation for which such claim is made.

The affidavit nowhere contains an averment of fraudulent conduct in the precise language of the act of assembly and we must, therefore, examine the affidavit in its entirety in order to determine whether the matters averred therein constitute a state of facts justifying the issuance of this extraordinary statutory remedy.

An examination of the affidavit discloses an averment of the following situation: Plaintiff, by occupation, is a builder of houses. Defendant Messer is the owner of a farm and homestead property in Oxford Valley, Bucks County. Defendant Walsh is a real estate broker with place of business at New Hope, Bucks County, and is an agent of Messer.

In January of 1951 Walsh, acting on behalf of Messer, entered into a contract with plaintiff for the purpose of developing building lots and constructing houses on Messer's property.

Under the terms of the agreement plaintiff and the defendants were to engage in a joint venture for the purpose of building houses on Messer's land and selling the same to the public at a profit. Plaintiff was to undertake the supervision of the construction of the houses and to receive a share of the profits derived from the sale thereof. Plaintiff was also to obtain a loan of $25,000 for developing purposes, security for which was to be a portion of Messer's land. Pursuant to the agreement plaintiff alleges that he received approval of such loan of $25,000.

Sometime between February 15 and March 1, 1951, Walsh, acting on behalf of Messer, advised plaintiff that the premises of Messer were being sold and that plaintiff would be excluded from any share in the proceeds of the sale. Plaintiff was further advised by Messer that he, Messer, "intended to retire, sell other

of his property and remove from Bucks County and reside elsewhere." Subsequently the contract for the sale of the real estate of Messer was consummated. There then follows an averment that this contract of defendants was fraudulent and that plaintiff has been damaged "at least in the sum of $5,000"; that the principal assets of defendant Messer are the tract of land which has now been sold and certain personal property which has been advertised for public sale; that by reason of such sales and defendant Messer's intention to leave Bucks County, he is placing himself in such a position that none of his assets will remain in this jurisdiction to respond to any judgment obtained by plaintiff for damages arising out of the alleged breach of the agreement.

Assuming these averments to be true, as we must, has plaintiff set forth a situation justifying the issuance of the writ? That a breach of contract is averred seems clear, but the breach of a contract does not, per se, constitute fraud: Linden Coal Co. v. Hallmore Coal Co., 38 Luz. 145.

There is no averment that defendants, or either of them, has property which he fraudulently conceals. On the contrary the affidavit avers that defendants advised plaintiff that Messer was about to sell his property and apparently there was no attempt to conceal the transaction from any one. There is no averment in the affidavit that the debt was fraudulently contracted, nor can we read into the affidavit any allegation of an intention to defraud at the inception of the contract. The fact that defendant Messer intended to retire and reside in a county other than Bucks County does not establish that he was about to remove his property out of the jurisdiction of the court with intent to defraud his creditors. Men who desire to remove to another jurisdiction for the purpose of cheating their creditors do not usually publicly declare

their intention to so remove: Brown et al. v. Hance, 68 Pitts. L. J. 583.

An attachment of this nature is an extraordinary remedy and the requirements of the act must be strictly observed: Wolf v. Zentz et al., 5 D. & C. 276. We do not think that it is incumbent upon the court to carefully screen the wordage of the affidavit and attempt, through strained reasoning and inference, to discover justification for the issuance of the writ. In the instant case it would have been a simple matter indeed for plaintiff, had the facts justified it, to have specifically averred one of the conditions precedent to the issuance of the writ. We are, therefore, constrained to regard the affidavit of cause of action as insufficient to support the attachment.

Plaintiff questions the propriety of the form of the petition to show cause why the petition should not be quashed and the attachment dissolved, arguing that the petition should have been that of defendant himself rather than by his counsel, specially appearing d. b. e.

An examination of the record discloses that no formal general or special appearance was entered by defendant's attorney. The petition states that it is the petition of George C. Messer, one of defendants, by his attorney, Frederick E. Smith, appearing specially d. b. e. The petition is signed and verified by the attorney on behalf of his client. It is our view that the better practice would have been for the attorney for defendant to have entered a formal præcipe for special appearance, but we will regard the filing of the petition in the form indicated as being tantamount to the filing of a formal special appearance. There are many cases to the effect that an appearance for a purpose other than that of objecting to the jurisdiction of the court may be considered a general appearance: 1 Standard Pa. Practice, 406, etc. We, therefore, see

no impediment to our treating the petition as equivalent to the filing of a formal d. b. c. appearance.

Since the petition's purpose is to inquire into the legal deficiency of plaintiff's affidavit of cause of action, we will not regard the fact that the petition has been signed and verified by defendant's counsel as constituting a fatal defect. Insofar as the petition alleges facts foreign to the record, those facts have been disregarded in our examination of the law involved. It is unfortunate that defendant's counsel has seen fit to aver these facts and if our acceptance of them became essential to the determination of the controversy, we might consider the factual situation so raised as not being properly before the court. In the instant case, however, these facts dehors the record have not been considered.

To require defendant himself to swear to legal propositions disclosed by an examination of the record would in fact be requiring defendant to swear to his lawyer's statement regarding the imperfections and inadequacy of the record. That this is an antiquated and ill-considered practice is recognized under the Pennsylvania Rules of Civil Procedure which require verification only if the pleading contains averments of fact not appearing on the record.

Counsel for defendant has advanced as an additional reason for the dissolution of the attachment the failure of the affidavit to set forth such an indebtedness as is contemplated by the act of assembly. In view of our finding that the affidavit is otherwise inadequate we are not now passing upon that question.

Since defendant Messer has been personally served we are not justified in directing that the writ be quashed, but rather that the attachment be dissolved and plaintiff thus permitted to proceed against defendant Messer as if the action had been instituted in assumpsit. See Locey v. Sterling Motor Truck Com-

pany of Pittsburgh, 102 Pa. Superior Ct. 148; Biddle v. Black, 99 Pa. 380; Getz et al. v. Harley et ux., 70 D. & C. 551. No order is made as to defendant Walsh, for, although the record discloses no service of the writ upon him, he is not now before the court.

Now, therefore, to wit, July 3, 1951, in conformity with the views hereinbefore expressed, the rule to show cause why the fraudulent debtor's attachment should not be dissolved is made absolute and the fraudulent debtor's attachment against George C. Messer is dissolved at the cost of plaintiff.