## Reed et ux. v. Nell

*McCrea & McCrea*, for plaintiffs.

*Frederick J. Templeton* and *Hermas L. Weary*, for defendant.

SHUGHART, P. J., July 7, 1951.—Plaintiffs in the above-captioned matter instituted this action in assumpsit by the issuance of an attachment pursuant to the Act of March 17, 1869, P. L. 8, and the amendments thereto, 12 PS §2711. Subsequently on application of defendant a rule was issued upon plaintiffs to show cause why the writ should not be quashed and the attachment dissolved. An answer to the petition was filed and depositions were taken. The matter has been argued and is now before the court for disposition.

Both parties treated defendant's action as a motion to dissolve the attachment and it will thus be considered by this court.

From the pleadings and depositions filed it appears that plaintiffs Galen B. Reed and Jane L. Reed, his wife, purchased a retail drug store business from defendant Nell. The total sale price was $18,960. The sale price was paid and $5,000 was deposited with John McCrea, Esq., who acted as attorney for the Reeds, to be held as security for compliance with the provisions of the sales agreement. Plaintiffs allege that under the original sales agreement an inventory of the stock was to be taken after the sale and defendant agreed to refund to plaintiffs the difference between $10,000 and the retail inventory value, less 30 percent. Plaintiffs further alleged that such inventory as taken totaled a value of $6,500, and that defendant is therefore indebted to them in the amount of $3,500. Defendant on his part contends that the value of the inventory exceeded $10,000.

The sales contract was executed and plaintiffs took possession on August 8, 1949. On November 16, 1949, Nell made a demand upon Mr. McCrea for the $5,000 deposit. McCrea refused and still refuses to make payment.

Under the writ of attachment, this fund of $5,000, which was placed on deposit by Mr. McCrea with the

Peoples National Bank of Shippensburg, was attached. This action was instituted by a præcipe filed on April 4, 1950. On April 13, 1950, Nell instituted an action in assumpsit against Mr. McCrea to recover $4,900 of the $5,000 in question. The latter action was entered to May term, 1950, no. 323; further facts, deemed unnecessary to relate here, may be found in an opinion filed this date in that cause.

The ground alleged in support of the instant writ is that defendant "is about to remove his property out of the jurisdiction of the court with intent to defraud his creditors" which allegation defendant denies.

The burden of proof rests upon plaintiffs to prove the facts alleged in the affidavit to sustain the attachment: Locey v. Sterling Motor Truck Company of Pittsburgh, 102 Pa. Superior Ct. 148.

From the depositions it appears that Nell still resides at the same address in Shippensburg where he resided at the time of the sale in August 1949 and that he is a native of this State. His wife is a native of the State of Oklahoma and, although both her parents are deceased, she still has brothers and sisters residing in that State. It appears that sometime after the sale was consummated the Nells went on a six weeks' trip to Oklahoma, Texas, New Mexico and Mexico, after which they returned to Shippensburg where they have since resided. Thereafter defendant Nell engaged in business in and around Shippensburg. In November 1950, when the depositions were taken, he was studying for his master's degree in education at the University of Maryland.

There was testimony in the depositions on the part of Reed in response to a leading question by Mr. McCrea, and by Mr. McCrea, himself, to the effect that Nell said he was sick and tired of sticking around this town and that he wanted his money and "wanted to get out of here"; and also to the effect that Nell in-

tended to go to Oklahoma to enter into business. The reason given for this alleged desire on Nell's part was on account of his wife's health. In this connection Nell stated that one of the reasons for their trip to Oklahoma was so that his wife could consult the physician who had previously treated her. Generally, in response to all this testimony defendant denied any intention to leave Shippensburg.

Much of the testimony in the depositions filed by plaintiffs concerns defendant's disinclination to make any adjustment with the Reeds in regard to the alleged deficiency in the inventory and his desire to obtain the funds placed on deposit by Mr. McCrea with the Peoples National Bank of Shippensburg without making any settlement with the Reeds.

That there exists a serious dispute in regard to the inventory will not admit of doubt; however, plaintiffs do not allege nor does it appear that defendant was guilty of fraud in making the sale. An averment of fraud in making a contract is not supported by showing a mere breach of warranty, but requires proof of an intention to defraud at the inception of the debt or contract: Locey v. Sterling Motor Truck Company of Pittsburgh, 102 Pa. Superior Ct. 148, 158. On his part Nell contends that the inventory was of the value of $10,000, and the mere fact that he disputes and resists plaintiffs' claim does not constitute fraud: Sowers v. Leiby, 4 Pa. C. C. 223.

Although we do not now need to decide whether the $5,000 should have been turned over to him, Nell's contention that it was held for compliance with the provisions of the Bulk Sales Act and not for the purposes of adjusting deficiencies in the inventory is not devoid of merit. Fraud cannot therefore be imputed from this demand by him on Mr. McCrea.

An attachment in advance of judgment on a disputed claim is an extraordinary process and the burden is on

plaintiff in such case to sustain it by clear and convincing proof that defendant fraudulently contracted the debt or was about to dispose of, conceal, or remove his property with intent to defraud plaintiff: Musser v. Henderson, 65 Pitts. L. J. 510; Getz et al. v. Harley et ux., 70 D. & C. 551. A careful consideration of the affidavit and the depositions reveals that no such proof is present in this case.

We believe that the following quotation from Sowers v. Leiby, 4 Pa. C. C. 223, 226, is apposite to the present situation:

"The only fact upon which plaintiff grounded his belief that defendant intended to cheat and defraud him, was that he heard the defendant state that he was about to remove to Dakota, and that he would not pay plaintiff's claim. Grant all this to be true, and yet it shows no fraudulent intent on the part of the defendant. He did not refuse to pay plaintiff's claim because he wanted to cheat him, but because he claims that he did not owe it. Nor was his intended removal to the west in pursuance of a fraudulent intent, but for a legitimate purpose. . . . If the purpose of a change of residence is an honest one, the intent to defraud is not to be legally presumed from the mere fact that the debtor is about to remove his goods. The intent may be inferred from the circumstances, and it is the intent of the removal and not its effect which must determine whether it is lawful."

As in the Sowers case the evidence here fails to satisfy us that the conduct of defendant Nell was fraudulent. The rule must therefore be made absolute and the attachment dissolved.

And now, July 7, 1951, the rule to show cause why the attachment should not be dissolved is made absolute, and the attachment is dissolved. Costs of this proceeding, including costs of the depositions, are to be paid by plaintiffs Galen B. Reed and Jane L. Reed, his wife.