## McMasters v. Majewski.

*Attachment under the Fraudulent Debtors' Act—Bond approved by court —Substitution not allowed—Act of May 24, 1887.*

1. Under the Act of May 24, 1887, P. L. 197, in a proceeding by an attachment against a fraudulent debtor, the bond must be approved by a judge of the Court of Common Pleas before the attachment can issue.

2. Filing the bond in the office of the prothonotary, or approval of it by that officer, is insufficient.

3. If the bond has not been approved by the court, it is too late to ask for approval after the writ has been issued.

4. A new or sufficient bond cannot be filed or approved as a substitute for a defective bond already filed.

Rule to dissolve attachment. C. P. Erie Co., Feb. T., 1924, No. 98.

*Henry C. Baur*, for plaintiff; *F. B. Hosbach*, for defendant.

HIRT, J., March 31, 1924.—A fraudulent debtor's attachment issued on the affidavit of plaintiff, alleging that defendant is attempting to secrete his property with intent to cheat and defraud plaintiff. A bond was filed in accordance with the act of assembly as to form, except that the bond is not drawn to the Commonwealth for the use of defendant, but directly to the defendant. The bond was not approved by the court, however, but was filed in the office of the prothonotary without any approval.

Defendant presented his petition to dissolve the attachment, alleging that he is not indebted to plaintiff in any sum whatever, and, further, that he has not concealed, nor attempted to conceal, his property with the intent to defraud plaintiff. On Feb. 11th defendant asked leave to file additional reasons for the dissolving of the attachment, alleging that the affidavit and bond are insufficient and not in accordance with the act of assembly.

In this case personal service was had and a motion to dissolve, rather than to quash, is the proper practice, and the general appearance of the defendant is not a waiver of the defects in the affidavit or the bond, for even though the attachment be dissolved, the suit goes on: Biddle *v.* Black, 99 Pa. 380.

The subject of a motion to dissolve either may be allegations of defects in the affidavit and bond or may consist in a denial of the facts alleged in the affidavit. In the latter event, depositions must be taken in order to determine the issue of fact, but not in the former, for such defects, if any, will appear from the record. In our opinion, it is proper to combine the allegations as to form and substance in a motion to dissolve, as in Hall *v.* Kintz, 13 Pa. C. C. Reps. 24, and for this reason the rule granted on the motion of Feb. 11, 1924, should be made absolute.

We are of the opinion that on the amended motion the attachment must be dissolved for technical defects in the bond.

"The language of the acts of assembly authorizing the issuing of writs of attachment against fraudulent debtors is imperative and must receive a strict construction. A party, in order to be entitled to the benefits of these acts, must comply with all the requirements.

"The bond, under the Act of 1887, must be approved by a judge of the Court of Common Pleas before the attachment can be issued; filing the bond with, or the approval of it by, the prothonotary will not be sufficient. It is too late after the writ has been issued or executed to ask for such approval; neither can a new and sunfficient bond be filed or approved as a substitute for a bond already filed and found to be defective:" Elliott *v.* Plukart, 6 Pa. C. C. Reps. 151.

McMasters *v.* Majewski.

And now, March 31, 1924, the rule granted Dec. 6, 1923, on defendant's motion to dissolve the attachment is made absolute, and it is ordered that defendant file an affidavit of defence to plaintiff's statement of claim within fifteen days.

From Otto Herbst, Erie, Pa.