## Lehmann v. Steffey

*Abraham Colbus*, for plaintiff.

*Charles R. Mallery* and *Mitchell MacCartney*, for defendant.

PATTERSON, P. J., July 21, 1932.—This is a certiorari which brings before this court for review the alderman's record on a fraudulent debtor's attachment proceeding. The defendant against whom the attachment issued has filed thirteen exceptions to the record. The plaintiff has filed a petition for a rule to show cause why the certiorari should not be quashed for the reason that defendant has failed to file a proper bond as provided by law.

On March 17, 1932, a bond was approved and directed to be filed, and thereafter, on March 29, 1932, certain exceptions to said bond were filed by the attorney for plaintiff in which it was alleged that the property of the surety was encumbered and otherwise involved to an amount over and above the value of the property. However, as no depositions were taken or proof offered in support of the said allegations, the rule heretofore granted to show cause why said bond should not be set aside is discharged and the certiorari proceedings are, therefore, regularly in court.

This proceeding was instituted on January 6, 1932, and on the same day a writ of attachment, under the Act of July 12, 1842, P. L. 339, and a summons in assumpsit were issued against the defendant, both returnable January 11th. On said date judgment was rendered in favor of the plaintiff and against the defendant and an execution issued to the constable, and defendant's automobile, which was already in the constable's custody, was levied upon. The constable made a return of nulla bona, setting forth as the reason for such return the fact that in his opinion the value of the car was insufficient to cover the debt if the defendant claimed $300 exemption. After this return an attachment execution was issued against money in the hands of The First National Bank of Altoona, which had already been returned as attached under the fraudulent debtor's proceeding.

The defendant in his exceptions assigns the following errors: That the proceeding is brought in the name of Marlin Helmick as agent for the plaintiff, Ludwig Lehmann, and that the affidavit in support of the same does not comply with the requirements of the fraudulent debtor's attachment act; that the plaintiff's bond in said attachment is payable to the defendant personally and not to the Commonwealth of Pennsylvania, to the use of others, and is executed by the agent of the plaintiff without attaching his authority and without sufficient sureties, and that the issuing of a summons in assumpsit and a writ of attachment under the Act of 1842 on the same day was irregular and contrary to law, and that the alderman was without jurisdiction.

The Act of July 12, 1842, P. L. 339, Sec. 27, under which this proceeding is had, provides:

"It shall be the duty of any alderman or justice of the peace, to issue an attachment against any defendant, on the application of the plaintiff in any case where by the provisions of this act, no capias can issue upon proof, by the affidavit of the plaintiff or some other person or persons to the satisfaction of the alderman or justice, that the defendant is about to remove from the county any of his property with intent to defraud his creditors, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, any of his property with the like fraudulent intent."

The affidavit in the present case is insufficient, as it neither charges fraud in the language of the act nor sets forth facts from which the fraud may be inferred, the affidavit being as follows:

"W. E. Steffey has given him reason to believe that he is about to assign and dispose of certain of his personal property, to wit, a Studebaker sedan and certain money on deposit in his name at The First National Bank of Altoona, Pa., with the intent to defraud the aforesaid Ludwig Lehmann of his just claim and other creditors."

The act requires a positive averment of fraudulent conduct and an averment that plaintiff is informed, believes and expects to be able to prove that defendant has assigned, etc., is not sufficient: Wolfe v. Abeloff, 27 Dist. R. 304; Biddle v. Black, 99 Pa. 380.

In the case of Simon et al. v. Johnson, 7 Luzerne L. R. 166, 170, the court said:

"We concede that he [plaintiff] must often act on information and belief, but it is no hardship in such a case to require him to state the sources of his information, or the facts on which his belief rests, or, at least, that he expects to be able to prove, if required, that which he believes to exist."

In Simons Bros. & Co. v. Hickman, 24 W. N. C. 92, it is held that where a creditor resorts to a remedy of this sort he must be prepared to swear to the debtor's intention of absconding. Belief in the intention is not enough.

The bond in this case having been executed by an agent, with Lippmans, Inc., as surety, is a nullity and not in compliance with the requirements of the act. In Powell, Agent, etc., *v.* Roderick, 11 Pa. C. C. 191, 1 Dist. R. 120, it is held (quoting from the syllabus) :

"Where an action is begun by an attachment under the Act of 1842 by an agent, and the bond is entered in the agent's name, as agent, the proceedings will be reversed on certiorari."

In Wallace Elliott & Co. *v.* Plukart, 6 Pa. C. C. 151, 154, it is held:

"This Act requires that the party plaintiff, or some one in his or their behalf, shall have executed a bond, with good and sufficient surety, to be approved by the prothonotary. The bond is not executed by the plaintiffs. It is signed by one 'A. H. Gleason, agent and attorney in fact,' without seal. But there is nothing to show the authority of A. H. Gleason to sign for the plaintiffs or to bind them by his signature. His mere declaration is not sufficient."

The surety in the name of "Lippmans, Inc. per Marlin Helmick" is without effect. A corporation can only do such business as the certificate of incorporation permits and it is not necessary to examine the certificate to conclude that this corporation, engaged in the jewelry business, is without authority to become surety for another. It is further defective in that the name of the corporation is signed per Marlin Helmick without any authority in Helmick shown. This leaves but one surety, and the proceedings must be quashed if there is only one surety: Spettigue *v.* Hutton, 9 Pa. C. C. 156; McDougal *v.* McGee, 14 Dist. R. 500.

The constable in this case returned the execution "nulla bona" after levying on an automobile which, in his opinion, was not of sufficient value to make the money on the writ in the event that the defendant claimed $300 exemption. The return "nulla bona" means, according to Bouvier's Law Dictionary, "the return made to a writ of *fieri facias* by the sheriff, when he has not found any goods of the defendant on which he could levy." In the present case, the constable found the goods and levied upon them, to wit, an automobile, but returned "nulla bona" because of his belief that the automobile was not of sufficient value. This was not a proper return.

This proceeding is irregular for many other reasons than the ones here mentioned, and without going into further discussion it is hereby ordered, adjudged and decreed that the exceptions are sustained, the judgment of the alderman reversed and the property held under the attachment proceedings is hereby released into the custody of the defendant.

From Robert W. Smith, Hollidaysburg, Pa.