## Century Insurance Agency, Inc., v. Keller

*Lawrence P. Biele, George Kunkel,* for plaintiff.
*George W. McKee, William S. Bailey, Frederick H. Bolton,* for defendants.

NEELY, J., June 25, 1956.—This matter is before us on the preliminary objections of William V. Keller, Sr., and William V. Keller, Jr., to plaintiff's amended complaint. The preliminary objections are in the nature of: (a) A demurrer; (b) a motion to strike off the amended complaint; and (c) a motion for more specific complaint. We will first of all consider the demurrers because in our view our ruling thereon will substantially dispose of all questions raised in the other preliminary objections. In their demurrers, both defendants object that plaintiff has failed to plead any contractual relationship between itself and defendants and that the amended complaint, therefore, does not state a cause of action.

The amended complaint which we are now considering is an amendment to the original complaint filed in support of a fraudulent debtor's attachment issued on the præcipe of plaintiff under Pa. R. C. P. 1287. This attachment has been dissolved by order of this court dated May 21, 1956. See opinion filed at this same term and number.

"(Where an) attachment is dissolved by the court the suit still goes on; the plaintiff may recover his judgment against the defendant, but he has lost his grasp or lien on the particular property attached." (Parenthesis supplied): Walls v. Campbell, 125 Pa. 346, 351 (1889). See also: Getz v. Harley, 70 D. & C. 551, 556 (1949); Brenner v. Messer, 79 D. & C. 265, 270 (1951); Locey v. Sterling Motor Truck Company of Pittsburgh, 102 Pa. Superior Ct. 148, 154 (1931); Biddle v. Black, 99 Pa. 380 (1882). The suit here, therefore, goes on notwithstanding the dissolution of the attachment and the question now before us on these preliminary objections is the sufficiency of the amended complaint.

The amended complaint avers that William V. Keller, Sr., and William V. Keller, Jr., were partners

trading under the name of Automobile Insurance Underwriters, and that the partnership was general agent for Bankers Mutual Fire Insurance Company, a Pennsylvania corporation. It is set forth in the amended complaint that defendants as said general agent constituted and appointed plaintiff to receive and accept proposals for insurance by the said Bankers Mutual Fire Insurance Company, and that plaintiff did receive and accept such proposals, countersigned and issued policies and collected premiums in payment therefor.

It is averred in the amended complaint that subsequent to the issuance of the policies and payment of premiums therefor, certain insureds directed that the policies be cancelled and demanded the payment to them of the unearned premiums by reason of certain cancellations. It is averred in the amended complaint that plaintiff cancelled policies as directed by the insureds and returned unearned premiums during the year 1955 in the amount of $10,601.53, and then demanded reimbursement because of these advancements in that amount.

The amended complaint alleges that first demand for payment was made upon Bankers Mutual Fire Insurance Company and then upon Automobile Insurance Underwriters. Averment is made that although Bankers Mutual Fire Insurance Company "paid, transferred and delivered the aforesaid (unearned) premiums" to the said Automobile Underwriters for the purpose of remitting and paying the same to plaintiff, nevertheless the partnership failed and refused to pay the amount of these unearned premiums to plaintiff by way of reimbursement. It is further averred that defendant, William V. Keller, "represented to plaintiff that Automobile Insurance Underwriters received, possessed, was liable for and would return the unearned premiums due as aforesaid to plaintiff."

An examination of the amended complaint reveals

no averment of any contractual relationship between Automobile Insurance Underwriters and this plaintiff which would require underwriters to reimburse plaintiff for the unearned premium advancements. That obligation was primarily the obligation of Bankers Mutual Fire Insurance Company. The amended complaint fails to set forth a contract which would place any obligation on the general agent. Plaintiff should have an additional opportunity to further amend its complaint to show such a contractual obligation if there was any.

The amended complaint is also insufficient in pleading that Bankers has paid, transferred and delivered the amount of unearned premiums to Underwriters. We cannot overlook the action which the court took on defendants' petitions to dissolve the attachment. The depositions that were taken in support of the petitions showed that on Bankers' books there was a balance due Bankers from Underwriters, and that a credit had been given to Underwriters on these books for the amount of the unearned premium payments advanced by plaintiff. The depositions showed that Bankers was suspended from doing any further business in the Commonwealth by the Insurance Commissioner on December 29, 1955. We think the amended complaint should show what the factual situation was with respect to this bookkeeping entry.

There is another averment in the amended complaint that must be deemed insufficient. The complaint alleges that William V. Keller represented to plaintiff that Underwriters "received, possessed, was liable for and would return the unearned premiums due as aforesaid to plaintiff." This allegation is clothed in language that is not specifically sufficient. It also contains pleading in the nature of conclusions rather than factual allegations. If it is intended thereby to aver that there was a promise or agreement to pay the

amount of these unearned premium advancements, we think such promise or agreement should be specifically pleaded. There should also be an allegation as to whether or not any such promise or agreement was oral or in writing. In other words, we think that whatever representation William V. Keller made on or about January 10, 1956, should be pleaded with greater particularity than is contained in the complaint as now amended.

One of defendants has filed a motion to strike off the amended complaint because he contends that this was an amendment to the original complaint which was not in conformity to law at the time the attachment was issued. We have dissolved the attachment. Since the suit goes on notwithstanding the dissolution of the attachment, the present amended complaint is further amendable in the manner hereinabove mentioned. The motion to strike off the amended complaint must be overruled.

Our views on defendants' demurrers dispose of the essential questions raised on defendants' motions for more specific complaint. We feel that it is not necessary to take up individually the 22 reasons they have assigned for more specific complaint. Some of the reasons are valid and some of them are not. As to the reasons that are valid, we believe the deficiencies will be cured if plaintiff further amends in conformity with this opinion. Accordingly, we enter, therefore, the following

*Order*

And now, June 25, 1956, the motion to strike off the amended complaint is overruled; the motions for more specific amended complaint are overruled; the preliminary objections in the nature of demurrers are herewith sustained and leave is granted to plaintiff to file a further amended complaint within 20 days in accordance with this opinion.